J-A01021-18

2018 PA Super 205

DAVID W. HOVATTER,

                    Appellee

              v.

CSX TRANSPORTATION, INC.

                    Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 3379 EDA 2016

Appeal from the Order Entered July 20, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 1507-3680

EDWARD M. WILSON,

                    Appellee

              v.

CSX TRANSPORTATION, INC.

                    Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 631 EDA 2017

Appeal from the Order Entered October 20, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 151102678

BEFORE:  LAZARUS, J., OTT, J., and PLATT, J.[*]

OPINION BY PLATT, J.:                        **FILED JULY 13, 2018**

_____

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated cases, Appellant, CSX Transportation, Inc., (or CSXT), a Virginia corporation headquartered in Jacksonville, Florida, appeals from the denials of its motions to dismiss two complaints filed in the Court of Common Pleas of Philadelphia County, based on the doctrine of *forum non conveniens*, for re-filing in a more appropriate forum. Appellees, David W. Hovatter and Edward M. Wilson, both railroad workers employed by Appellant and neither a resident of Pennsylvania, filed complaints in Philadelphia Common Pleas Court, claiming under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, for various injuries they allege occurred in other states. The trial court denied Appellant's motions to dismiss, primarily on the ground that it does business in Philadelphia County. On independent review, we are constrained to conclude that the learned trial court erred in its interpretation of the applicable law on venue and abused its discretion in evaluating the factors pertinent to whether to dismiss an action filed in Pennsylvania, based on the doctrine of *forum non conveniens*. Accordingly, we vacate and remand.

We derive the underlying facts and procedural history in this matter from the trial court's Opinion, filed May 18, 2017, its Statement in Lieu of Opinion, filed June 27, 2017, and our independent review of the certified record.

Appellee Hovatter is a lifelong resident of Frostburg, Maryland. He worked for Appellant as a machinist in Appellant's locomotive shop in

Cumberland, Maryland. On July 30, 2015, Appellee Hovatter brought the action *sub judice* in Philadelphia Common Pleas Court pursuant to the FELA for injuries to his knee and leg which he alleges he sustained when descending a metal ramp at Appellant's facility in Cumberland.

Appellant CSXT filed preliminary objections on September 22, 2015, which the trial court sustained in part, on November 30, 2015. On December 15, 2015, Appellee Hovatter filed an amended complaint alleging that he suffered an injury on August 3, 2012, when descending a metal ramp at work. (*See* Amended Complaint, 12/15/15, at ¶¶ 7-8). Appellant filed an answer and new matter on January 4, 2016.

On May 9, 2016, Appellant filed a motion to dismiss based on the doctrine of *forum non conveniens*. Appellant agreed to waive the statute of limitations if Hovatter refiled his action in a new forum within one hundred twenty days of the dismissal of the suit in Philadelphia.

Appellee Hovatter filed an answer on May 31, 2016. The trial court denied the motion on July 1, 2016.

Appellant's motion to amend the order of July 1, 2016, to allow for an interlocutory appeal, was deemed denied by operation of law. *See* Pa.R.A.P. 1311(b) (application deemed denied if not acted on within thirty days). This Court granted Appellant's petition for review. This appeal followed.

In its opinion, the trial court found that a plaintiff's choice of forum brought under the FELA should receive "particular deference." (Trial Court

Opinion, 5/18/17, at 3).[1]  Citing, *inter alia*, **Jessop v. ACF Indus., LLC**, 859 A.2d 801, 803 (Pa. Super. 2004), the court reasoned that Appellant had failed to establish "weighty reasons" for disturbing the deference to be given to a plaintiff's choice of forum.  (Trial Ct. Op., at 2, 4); **see Jessop**, **supra** at 803.  The trial court also relied on 45 U.S.C.A. § 56.  (**See** Trial Ct. Op., at 3).

The facts in Appellee Wilson's case are similar.

Appellee Wilson is a resident of Worthville, Kentucky.  He worked for Appellant in a variety of locations in Kentucky, Ohio, and Indiana.  On November 18, 2015, he instituted the instant action pursuant to the FELA, and after preliminary objections, filed an amended complaint on March 8, 2016, alleging that he suffered from cumulative traumatic injuries which occurred in the course of his employment with Appellant.  (**See** Amended Complaint, 3/08/16, at ¶¶ 5-12).

Appellant again filed preliminary objections, which the trial court overruled.  Appellant filed an answer and new matter on June 13, 2016.  On

---

[1] In support of its argument, the trial court also cites two unreported federal district court cases, not binding on this Court: **Askew v. CSX Transp., Inc.**, No. CIV. A. 05-CV-5915, 2008 WL 4347530 (E.D. Pa. filed Sept. 22, 2008); and **Szabo v. CSX Transp., Inc.**, No. CIV. A. 05-CV-4390, 2006 WL 263625 (E.D. Pa. filed Feb. 1, 2006). **See Eckman v. Erie Ins. Exch.**, 21 A.3d 1203, 1207 (Pa. Super. 2011) (noting that this Court is not bound by decisions of federal courts, other than United States Supreme Court, or decisions of other states' courts).  Moreover, we note that both decisions consider other factors besides deference, including the substantial completion of discovery (not at issue here) and the prospect of further delay.

July 29, 2016, Appellant filed a motion to dismiss based on the doctrine of *forum non conveniens*.

Appellant stipulated that if Appellee Wilson were to dismiss his complaint and refile it in a more appropriate forum, CSXT would waive any objection on the basis of venue or personal jurisdiction, and would use the date of the filing of Wilson's complaint in Pennsylvania, November 18, 2015, for the purpose of determining compliance with the statute of limitations in the new forum, provided that Wilson were to re-file his action within ninety days of the dismissal order in Pennsylvania.

Appellee Wilson filed an answer on August 22, 2016. The trial court denied the motion on October 20, 2016. Appellant filed a motion to amend the order of November 4, 2016, to allow for an interlocutory appeal. The trial court denied this request on January 12, 2017. On December 19, 2016, Appellant filed a petition for review in this Court. On February 23, 2017, this Court granted the petition for review. The instant, timely appeal followed.

The trial court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On June 27, 2017, the trial court filed a statement in lieu of an opinion in **Wilson**, adopting its earlier opinion of May 18, 2017 in **Hovatter**. (**See** Statement in Lieu of Opinion, 6/27/17, at 2); **see also** Pa.R.A.P. 1925(a). This Court consolidated the two cases at the request of Appellant.

On appeal, Appellant raises two questions for our review.

- 5 -

      1.    Whether Pennsylvania courts may give heightened deference to a plaintiff's choice of forum in applying the doctrine of *forum non conveniens* in a FELA case?

      2.    Whether the requisite "weighty" reasons for dismissal under the doctrine of *forum non conveniens* exist when an out-of-state plaintiff who had no connection to Pennsylvania sues an out-of-state defendant to recover for injuries allegedly suffered outside of Pennsylvania and all known witnesses reside outside of Pennsylvania[?]

(Appellant's Brief, at 4-5) (quotation marks in original).[2]

Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. ***See Rini v. N.Y. Cent. R.R. Co.***, 240 A.2d 372, 373 (Pa. 1968). "This standard applies even where jurisdictional requirements are met." ***Engstrom v. Bayer Corp.***, 855 A.2d 52, 55 (Pa. Super. 2004), *appeal denied sub nom.* ***Weiding v. Bayer Corp.***, 887 A.2d 1242 (Pa. 2005). Moreover, "if there is any basis for the trial court's decision, the decision must stand." ***Id.*** (citation omitted).

An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. ***See Silver v. Thompson***, 26 A.3d 514, 516 (Pa. Super. 2011). When reviewing for errors of law, "the appellate standard of review is *de novo* and the scope of review is plenary."

---

[2] We note that in addition to the briefs of the parties we also have the benefit of an *amicus curiae* brief, filed on behalf of the Association of American Railroads, in support of Appellant CSXT.

*Hutchison ex rel. Hutchison v. Luddy*, 946 A.2d 744, 750 (Pa. Super. 2008) (citations omitted).

In Pennsylvania, the doctrine of *forum non conveniens*, which originated in Common Law, has been codified by statute:

> **Inconvenient forum.—**When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322(e).

Application of the *forum non conveniens* doctrine in an interstate context solves the "problem . . . that plaintiffs may bring the suit in an inconvenient forum in the hope that they will secure easier or larger recoveries or so add to the costs of the defense that the defendant will take a default judgment or compromise for a larger sum." *Norman v. Norfolk & W. Ry. Co.,* 323 A.2d 850, 854 (Pa. Super. 1974).

The two most important factors the trial court must apply when considering whether dismissal is warranted are that "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed." *Pisieczko v. Children's Hosp. of Phila.*, 73 A.3d 1260, 1263 (Pa. Super. 2013) (citation omitted); *see also Engstrom*, *supra* at 55.

In these cases, there is no substantial dispute that Appellant's proposed stipulations provide an alternative forum for the Appellees. Therefore, the second factor is not at issue. (*See* Trial Ct. Op., at 4). However, with respect

to the initial factor, we note that "a court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." ***Aerospace Fin. Leasing, Inc. v. New Hampshire Ins. Co.,*** 696 A.2d 810, 814 (Pa. Super. 1997) (citation omitted). Furthermore,

> To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. ***Petty v. Suburban General Hospital,*** 363 Pa. Super. 277, 525 A.2d 1230, 1232 (1987). The ***Petty*** Court reiterated the considerations germane to a determination of both the plaintiff's private interests and those of the public as defined by the United States Supreme Court in ***Gulf Oil Corp. v. Gilbert,*** 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). They are:

>> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial. * * *

>> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial * * * in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

> ***Petty, supra*** at 1232 (quoting ***Gulf Oil, supra*** at 508–09, 67 S. Ct. 839).

***Engstrom***, ***supra*** at 55–56 (one citation omitted).

Here, in its first issue, Appellant contends that the trial court erred in applying a standard of heightened deference to Appellees' choice of forum because they brought their cases pursuant to the FELA. (***See*** Appellant's Brief, at 12-14; Trial Ct. Op., 5/18/17, at 3). We agree.

In its decision, the trial court stated:

Specifically, pursuant to 45 U.S.C. § 56 of the FELA, [Appellees have] the right to choose [their] forum to litigate [their] individual FELA personal injury action[s]. Under the FELA, a plaintiff is entitled to bring an action in any district where the defendant is doing business at the time of commencing such action. In pertinent part, 45 U.S.C. § 56, states:

> [U]nder this chapter, an action may be brought in a District Court of the United States, in the District of the residence of the defendant, or in which the cause of action arose or in which the defendant shall be doing business at the time of commencing such action . . .

45 U.S.C. § 56.[3]

_____

[3] In its entirety, section 56 provides:

> No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.
>
> Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.

45 U.S.C. § 56.

(Trial Ct. Op., at 3).

Initially, our review of the plain meaning of section 56 confirms that the statute only addresses venue in federal district courts (along with concurrent state jurisdiction), not whether dismissal of a case under *forum non conveniens* is appropriate in state court.

Furthermore, we are constrained to conclude that the trial court's reasoning concerning the applicability of section 56 based on the inference it draws from the legislative odyssey of the Jennings Bill in 1947, (***see id.*** at 4), is unpersuasive.[4]  In support of its intended inference, the learned trial court offers neither controlling authority nor legislative history.  In any event, there is no rule of statutory interpretation which justifies drawing a binding inference from the failure to enact proposed legislation.  The court's reliance on section 56 (and on the failure to enact the Jennings Bill) is legal error.

Moreover, the trial court's assumption, that particular deference must be given to a foreign resident's choice of forum for an FELA complaint, must be qualified by the effect of long-standing authority which holds that state courts must apply the doctrine of *forum non conveniens* impartially, without

---

[4] For an interesting discussion by the United States Supreme Court of the interplay of the Jennings Bill with other legislative considerations, ***see Ex parte Collett***, 337 U.S. 55 (1949) ("The plain words and meaning of a statute cannot be overcome by a legislative history which through strained processes of deduction from events of wholly ambiguous significance, may furnish dubious bases for inference in every direction.").  ***Id.*** at 61 (citation omitted).

regard to the FELA. *See State of Mo. ex rel. S. Ry. Co. v. Mayfield*, 340 U.S. 1, 4 (1950) (also holding, contrary to this trial court's assumption, that a state may choose to prefer to give home state residents access to often overcrowded courts over foreign litigants);[5] *see also Rini*, *supra* at 374-75 (holding no abuse of discretion by trial court in dismissing actions under doctrine of *forum non conveniens*, where cause of action arose outside of Pennsylvania; neither plaintiffs nor any of witnesses reside in or have any connection with Allegheny County, nor were witnesses within subpoena range of Court of Common Pleas of Allegheny County); *accord*, *Norman*, *supra* at 855-56 (reversing trial court's order denying preliminary objections for *forum non conveniens* to FELA complaint in Allegheny County by Kentucky resident; defendant agreed to waive statute of limitations).

Finally, as already noted, "the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." *Aerospace Fin. Leasing*, *supra* at 814 (citation omitted).

---

[5] *See also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017), filed May 30, 2017, about two weeks after the trial court's opinion, (concluding, *inter alia*, that FELA does not authorize state courts to exercise personal jurisdiction over railroad solely on ground that railroad does some business in their states).

We are constrained to conclude that the trial court erred in finding that section 56 controlled the instant matter, and abused its discretion in giving heightened deference to Appellees' choice of forum. Appellant is entitled to relief on its first claim.

We address Appellant's second and third arguments together.[6] Appellant contends that it established "weighty reasons" for the dismissal of Appellees' Pennsylvania complaints, and asks that this Court reverse the trial court's orders denying dismissal. (Appellant's Brief, at 5, 36). We agree.

The trial court found that Appellant was doing business in Philadelphia by virtue of its hauling freight through the county on a regular basis. (*See* Trial Ct. Op., at 1). Furthermore, the court reasoned that even though Appellant had waived objections to re-filing in an alternate jurisdiction (on certain conditions), it had failed to establish weighty reasons for dismissal on evaluation of the private and public interest factors. (*See id.* at 4). We are constrained to disagree.

_____

[6] After raising the issue of "weighty reasons" for dismissal in the statement of questions involved, Appellant in the argument section switches to a refutation of the trial court's assumed conclusion that unrelated business activity is a sufficient basis to deny the motions to dismiss. (*See* Appellant's Brief, at 14-16). Then, in a third section (not in the statement of questions), Appellant switches back again to a point-by-point discussion divided into seven sub-parts, of the various applicable private and public factors to be considered in a review of whether there were "weighty reasons" for dismissal. (*See id.* at 17-36). Because the second and third arguments intertwine, we address them together.

Appellant maintains that "under generally applicable Pennsylvania law, CSXT's unrelated business activity in Pennsylvania is not a valid basis for denying CSXT's [*forum non conveniens*] motions." (Appellant's Brief, at 14) (unnecessary capitalization omitted). Preliminarily, we observe that doing business in Philadelphia supports venue. It does not preclude dismissal based on *forum non conveniens*.

The doctrine of *forum non conveniens* presumes that venue is proper. This standard applies even where jurisdictional requirements are met. **See Engstrom**, **supra** at 55. The question for this Court on our review of discretion is still whether, even if venue is technically proper, there is a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively. **See id.** at 56.

Appellant argues that these cases should be dismissed. Neither Appellee resides in Pennsylvania (Hovatter resides in Maryland; Wilson, in Kentucky); Hovatter's injury allegedly occurred in Cumberland, Maryland; Wilson's in Kentucky, Ohio, and Indiana; Hovatter received his medical treatment in Maryland; his witnesses are in Maryland. (**See** Appellant's Brief, at 7).

Wilson received all of his medical treatment in Kentucky and Ohio. (**See id.** at 9). All of his claims arise from alleged acts and omissions of Appellant in Kentucky, Ohio, Indiana, or Florida. (**See id.**). There are no relevant witnesses to any of the working conditions in Pennsylvania. (**See id.** at 9-10). There are no employment records or other documents of relevance to

either case in Pennsylvania. (**See id.** at 20). Appellant states that all sources of proof in these matters are located outside of Pennsylvania. (**See id.** at 19, 22).

Appellant also argues that because all of the witnesses it is likely to call reside outside of Pennsylvania, it will be more difficult to compel their presence at trial, in particular, unwilling witnesses. (**See id.** at 23). It contends that even if the some of the witnesses are willing to attend, it will be more costly and inconvenient. (**See id.** at 24-25).

Nevertheless, the trial court maintains that the private and public factors do not favor dismissal. (**See** Trial Ct. Op., at 4). However, the trial court's conclusion is unreasonably and impermissibly dependent on its own *sua sponte* suggestions on how to trim costs or work around other objections.

These recommendations range from the court's encouragement of increased use of video technology, to its highly impractical (and implausible) suggestion that in Horvatter's case Appellant could remove the ramp at issue, a twelve feet by six feet construct of steel and concrete still in active use in the Cumberland locomotive shop, for shipment to Philadelphia. (**See id.** at 6).

Similarly, the trial court dismissed the problem of transporting witnesses from Cumberland, Maryland to Philadelphia (a distance of about two hundred forty miles) by reasoning that because Appellant is in the business of hauling

freight, it should be able to make arrangements for employee (and other Maryland witnesses') travel as well.  (**See id.** at 5).

Furthermore, the trial court did not weigh all the pertinent factors, including Appellees' "foreign" status (*i.e.*, Maryland and Kentucky).  We are constrained to conclude that the trial court abused its discretion.

Accordingly, we reverse the orders in question and remand with directions to the trial court to dismiss the underlying complaints without prejudice to refiling them, within the time limits previously stipulated, in more appropriate courts.

Orders reversed.  Cases remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/18