J-A10002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THERESA M. NOONE, ADMINISTRATRIX OF THE ESTATE OF EDWARD W. NOONE | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 2702 EDA 2018 |
| HUB GROUP TRUCKING, INC., STELIAN I. ROSU, AND NORFOLK SOUTHERN RAILWAY CORP. | : : : : | |

Appeal from the Order Entered August 16, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180104004

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 20, 2019**

Theresa M. Noone (Noone/Plaintiff), administratrix of the Estate of Edward W. Noone (Decedent), appeals from the trial court's order dismissing her complaint, without prejudice to refile in a more appropriate forum, based on the doctrine of *forum non conveniens*. **See** 42 Pa.C.S. § 5322(5). After careful review, we affirm.

On September 6, 2016, Decedent, a dockworker at Saddle Creek Logistics Services located in Florence Township, New Jersey, attempted to unlock a safety lock on a trailer owned by Defendant Norfolk Southern Railway

Corp. (Norfolk). As Defendant Stelian I. Rosu (Rosu),[1] an employee of Defendant Hub Group Trucking, Inc. (Hub), backed his tractor toward the trailer at an unsafe speed, he struck Decedent, pinning him between the wheels of his tractor and the trailer, crushing him. Decedent was immediately transported to the emergency room at Our Lady of Lourdes Medical Center in Willingboro, New Jersey, and then ordered to be airlifted to Cooper University Hospital, located in Camden, New Jersey, where he passed away 13 days later on September 19, 2016. Rosu owned the tractor at issue and housed it at Hub's Bensalem, Pennsylvania terminal.[2]

On January 24, 2018, Noone, a New Jersey resident, filed a negligence, wrongful death and survival action in Philadelphia County against Defendants Hub, Norfolk, and Rosu (collectively Defendants). The complaint asserted that Hub was negligent in hiring, monitoring, training and supervising its employee, Rosu, who caused the accident, and that Norfolk was negligent and careless in the inspection, repair, operation, and maintenance of the subject tractor and trailer. The complaint also alleged that Rosu negligently operated, inspected, repaired and or/maintained the subject tractor.

_____

[1] Rosu is an "owner-operator" of his tractor. While Rosu parked his tractor at Hub's Bensalem facility, Rosu testified in his deposition that many companies' owner-operators park their tractors there, calling it a "truck stop." Stelian I. Rosu Deposition, 5/2/18, at 20.

[2] Rosu has a traveling mechanic who comes to him to perform tractor repairs; Hub's mechanic cannot perform repairs to Rosu's tractor at its Bensalem facility, which is exclusively used for Hub's mechanic to conduct mechanical repairs on Hub's vehicles.

On February 28, 2018, Hub and Rosu filed a motion to dismiss Noone's complaint on the grounds of *forum non conveniens*, arguing that both private and public factors warranted transferring the action to New Jersey. On June 13, 2018, the trial court heard oral argument on the motion and considered discovery and additional briefing on the matter by the parties. The trial court chose to await our Court's decision in **Hovatter v. CSX Transportation, Inc.**, 193 A.3d 420 (Pa. Super. 2018), before issuing its ruling. On July 17, 2018, the court entered an order granting Defendants' motion to dismiss without prejudice. The court, however, vacated its dismissal order on July 19, 2018, and permitted the parties to file supplemental briefs addressing the forum issue in light of **Hovatter**.[3] On August 15, 2018, finding "Philadelphia's connection to this litigation tangential at best,"[4] the court issued its final order dismissing Noone's complaint, without prejudice to refile in a more appropriate forum.

Noone filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Noone raises the following issues for our consideration:

> (1)  Did the trial court err or otherwise abuse its discretion in granting [D]efendants' motion to dismiss [P]laintiff's complaint for *forum non conveniens*?

---

[3] Our Court filed **Hovatter** on July 13, 2018.

[4] **See** Pa.R.A.P. 1925(a) Opinion, 11/6/18, at 9.

- 3 -

(2)   In concluding that [D]efendants' motion to dismiss [P]laintiff's complaint for *forum non conveniens* should be granted, did the trial court misapply **Hovatter**[.]?

Appellant's Brief, at 2.

Instantly, Noone claims that there was "no sound basis of justifiable reason" for the trial court to dismiss her complaint, based on *forum non conveniens*, where no "weighty reasons" existed on the record warranting such an action.

The common law doctrine of *forum non conveniens*, in the context of an interstate foreign dispute, is codified at 42 Pa.C.S. § 5322(e):

> **(e) Inconvenient forum.** – When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S. § 5322(e). *Forum non conveniens* permits a court, exercising its discretion, to refuse to entertain a case even if jurisdictional requirements are met. **Bochetto v. Piper Aircraft Co.**, 94 A.3d 1044 (Pa. Super. 2014). While the plaintiff's choice of forum is entitled to weighty consideration, the doctrine of *forum non conveniens* is a "necessary counterbalance to insure [sic] fairness and practicality." **Okkerse v. Howe**, 556 A.2d 827, 832 (Pa. 1989) (citation omitted). An appellate court's "standard of a review of a trial court's ruling on a [p]etition to [d]ismiss on the grounds of *forum non conveniens* is [an] abuse of discretion. **Pisieczko v Children's Hosp.**, 73 A.3d 1260, 1262 (Pa. Super. 2013). "An abuse of discretion will be found when the trial court 'misapplies the law or exercises [its] judgment in manner that is manifestly unreasonable or the result of bias, prejudice or ill will.'" **Id.** at 1262.

When determining if a case should be dismissed under the doctrine of *forum non conveniens*, a court must consider that: (1) plaintiff's choice of forum should not be disturbed except for "weighty reasons;" and (2) an action will not be dismissed in any event unless an alternative forum is available to the plaintiff. **Petty v. Suburban General Hospital**, 525 A.3d 1230, 1232 (Pa. Super. 1987) (quoting **Gulf Oil Corp. v. Gilbert**, 330 U.S. 501, 508-509 (1947)). "To determine whether such 'weighty reasons' exist to overcome a plaintiff's choice of forum, the trial court must examine both the public and private factors involved." **Id.**

Instantly, no one disputes that New Jersey is an alternative forum that is available to Plaintiff. **See** N.T. Motion to Dismiss Hearing, 6/13/18, at 5-6. Thus, the second **Petty** factor is not at issue here. Rather, we confine our review to whether there were "weighty reasons" to disturb Noone's choice of forum. In **Gulf Oil**, the United States Supreme Court set forth the private and public considerations relevant to a *forum non conveniens* analysis. The private factors include:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses;] [] the cost of obtaining attendance of willing[] witnesses; possibility of view[ing] premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

**Id.** 330 U.S. at 508. With regard to the public factors, the Supreme Court advised:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury

- 5 -

duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . . There is an appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 508-509.[5] In ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156 (Pa. 1997), our Supreme Court corrected a practice, developed in the trial courts, that accorded too much weight to the above-stated "public interest" factors and refocused a court's analysis on a showing that the chosen forum "would be oppressive or vexatious" to the moving party. ***Bratic v. Rubendall***, 99 A.3d 1, 8 (Pa. 2014).

Noone claims that there is a *nexus* between the traumatic events that led to Decedent's death and Pennsylvania. Specifically, Noone alleges: Decedent's treating physician resides in Philadelphia; Hub witnesses are located in Pennsylvania; a close family friend of Decedent lives in Pennsylvania; JeffStat[6] personnel are located in Philadelphia; affidavits from

---

[5] With regard to private factors, Defendants argued that New Jersey would provide easier access to sources of proof (including viewing the accident site) and that New Jersey is where eyewitnesses and first responders to the accident lived and worked. With regard to public factors, Defendants argued that: Philadelphia's docket is more congested than Burlington County; there is an attenuated relationship between Philadelphia County and the case that does not justify imposing the burden of jury duty on citizens of Philadelphia County; and New Jersey courts should be permitted to apply New Jersey law.

[6] JeffSTAT is a medical transportation service owned and operated by Thomas Jefferson University Hospital. JeffSTAT provides advanced life support and critical care ambulances, along with air medical helicopters like the one used in the instant case to transport Decedent. JeffSTAT is licensed by the Pennsylvania Department of Health, the New Jersey Department of Health and

a physician and first-responder involved in care of Decedent establish that Philadelphia is not an inconvenient forum; the tractor involved in Decedent's accident is stored in Pennsylvania; Rosu drives daily through Philadelphia (via Rte. 73/Tacony-Palmyra & Bristol Bridges/I-95) en route to Hub's Burlington County, New Jersey facility; Hub's negligent hiring, training and supervision of Rosu all occurred in Pennsylvania; all Hub employees to be deposed in the action are located in Pennsylvania; all of Hub's employment records and documents are located in Pennsylvania; and, it will be more costly and inconvenient for Decedent's medical witnesses to appear in a venue outside of Philadelphia. Noone presented the affidavits of several individuals, including Decedent's treating physicians, Joseph Trani, M.D., and David H. Clements, M.D., Florence Township, New Jersey, Fire Marshall Brian Richardson, who was on call at the scene of the accident, Florence Township, New Jersey, fire fighters Michael Warren and Charles Todd Estelow, who were also at the scene of the accident, who each indicated that it would not be inconvenient for them to travel to Philadelphia County for depositions and trial. Affidavit of Joseph Trani, M.D. 5/30/18, at ¶ 5; Affidavit of David H. Clements, M.D., 5/25/18, at ¶ 4; Affidavit of Brian Richardson, 6/11/18, at ¶ 4; Affidavit

_____

Senior Services, and Delaware Health and Social Services. ***See*** https://hospitals.jefferson.edu/departments-and-services/jeffstat (last visited 4/10/19). JeffSTAT's administrative offices are located in Philadelphia, Pennsylvania. ***See*** Exhibit "C" to Plaintiff's Memorandum of Law in Support of Response to Defendant's Motion to Dismiss for *Forum Non Conveniens*, 3/20/18.

of Michael Warren, 6/11/18, at ¶ 4.; Affidavit of Charles Todd Estelow, 6/11/18, at ¶ 4.

In **Hovatter**, our Court found that a defendant's business activity in Pennsylvania, while supporting venue, "does not preclude dismissal based on *forum non conveniens*." 193 A.3d at 427. The doctrine of *forum non conveniens* presumes that venue is proper; however, it raises the question about whether there is a more convenient forum "where the litigation could be conducted more easily, expeditiously, and inexpensively." **Id.** It is well established that a party seeking a change of venue bears a heavy burden in justifying the request, which requires an on the record demonstration of hardships. **Walker v. Ohio River Co.**, 205 A.2d 43 (Pa. 1964).

Similar to the facts in **Hovatter**, none of the parties in the underlying lawsuit is a Pennsylvania resident, the injury giving rise to the current action did not occur in Pennsylvania, and Decedent's post-accident treatment did not take place in Pennsylvania. The evidence reveals that Hub is a Delaware corporation, headquartered in Memphis, Tennessee, that has two terminals in Pennsylvania (Bensalem, Bucks County, and Harrisburg, Dauphin County). **See** Affidavit of Maxwell Brusky, Director of Claims Management at Hub Group Trucking, Inc., 2/7/18, at ¶¶ 11, 12, 14. Hub does not operate any terminals in Philadelphia County, Pennsylvania. **Id.** at ¶ 13. Norfolk is a Virginia corporation, has its principle place of business in Norfolk, Virginia, and does business in this Commonwealth. **See** Plaintiff's Complaint, 1/24/18, at ¶ 7. The Florence Township, New Jersey Police Department responded to and

investigated Decedent's accident. Decedent (at the time of the accident), Noone and Rosu are all New Jersey residents. The accident occurred in New Jersey at Saddle Creek Logistics, a New Jersey company that ran the loading/unloading operations at Hub's Florence Township, New Jersey facility. Affidavit of Maxwell Brusky, Director of Claims Management at Hub Group Trucking, Inc., 2/7/18, at ¶ 8. Decedent's medical care was provided in New Jersey.[7] At the time of the accident, Rosu did not perform work in Philadelphia County, and currently does not perform work in Philadelphia County. Affidavit of Stelian I. Rosu, 2/27/18, at ¶ 5; Stelian I. Rosu Deposition, 5/3/18, at 25. Rosu also averred in his affidavit and stated during his deposition that trial in Philadelphia County would be an inconvenient and oppressive forum for him. *Id.* at ¶ 6; *Id.* at 29, 36, 38.

After a comprehensive review of the record, we do not find that the trial court abused its discretion in granting Defendants' motion to dismiss the case based on the grounds of *forum non conveniens*. Considering the totality of the evidence, the Defendants met their burden of proving that trial in another forum would provide easier access to critical witnesses and other sources of proof, such as physical evidence and Decedent's treatment records, as well as provide easier access to the loading dock and facility where Decedent's

---

[7] However, as the trial judge acknowledges in his Pa.R.A.P. 1925(a) opinion, the medical records regarding Decedent's treatment rendered during his JeffSTAT medical helicopter transport are potentially located in Philadelphia, as Jefferson Hospital is located in Philadelphia.

J-A10002-19

accident occurred, **Bratic**, **supra**, and that trial in Philadelphia County would be more than merely "inconvenient."  **Cheeseman**, **supra**.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/19

- 10 -