J-A17033-21
J-A17034-21
J-A17035-21
J-A17036-21
J-A17037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA CHATMAN PERSONAL REPRESENTATIVE FOR THE ESTATE OF FREDDIE CHATMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1652 EDA 2020 |
| | : | |
| CONSOLIDATED RAIL CORPORATION | : | |

Appeal from the Order Entered July 20, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190403373

| | | |
|---|---|---|
| MICHAEL J. MACEY, ADMINISTRATOR OF THE ESTATE OF JAMES J. MACEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1653 EDA 2020 |
| | : | |
| CONSOLIDATED RAIL CORPORATION AND CSX TRANSPORTATION, INC | : | |

Appeal from the Order Entered July 20, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190403296

| | | |
|---|---|---|
| THOMAS P. SCHLEICH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |

J-A17033-21
J-A17034-21
J-A17035-21
J-A17036-21
J-A17037-21

|                                                          |   |                                  |
|----------------------------------------------------------|---|----------------------------------|
|                                                          | : |                                  |
|                                                          | : |                                  |
|                                                          | : |                                  |
| v.                                                       | : |                                  |
|                                                          | : |                                  |
|                                                          | : |                                  |
| PENN CENTRAL CORPORATION A/K/A                           | : | No. 1655 EDA 2020                |
| AMERICAN PREMIER                                         | : |                                  |
| UNDERWRITERS, INC,                                       | : |                                  |
| CONSOLIDATED RAIL CORPORATION                            | : |                                  |
| AND CSX TRANSPORTATION, INC                              | : |                                  |

Appeal from the Order Entered July 20, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190401349

|                                                          |   |                                  |
|----------------------------------------------------------|---|----------------------------------|
| TINA M. APER, PERSONAL                                   | : | IN THE SUPERIOR COURT OF         |
| REPRESENTATIVE FOR THE ESTATE                            | : | PENNSYLVANIA                     |
| OF RUSSELL D. APER                                       | : |                                  |
|                                                          | : |                                  |
| Appellant                                                | : |                                  |
|                                                          | : |                                  |
|                                                          | : |                                  |
|                                                          | : |                                  |
| v.                                                       | : |                                  |
|                                                          | : | No. 1716 EDA 2020                |
|                                                          | : |                                  |
| PENN CENTRAL CORPORATION                                 | : |                                  |
| A/K/A AMERICAN PREMIER                                   | : |                                  |
| UNDERWRITERS, INC.,                                      | : |                                  |
| CONSOLIDATED RAIL                                        | : |                                  |
| CORPORATION AND CSX                                      | : |                                  |
| TRANSPORTATION, INC                                      | : |                                  |

Appeal from the Order Entered July 31, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 191003068

|                                                          |   |                                  |
|----------------------------------------------------------|---|----------------------------------|
| ROBERT R. THOMPSON                                       | : | IN THE SUPERIOR COURT OF         |
|                                                          | : | PENNSYLVANIA                     |

J-A17033-21
J-A17034-21
J-A17035-21
J-A17036-21
J-A17037-21

|  |  |  |  |
|---|---|---|---|
| | Appellant | : | |
| | | : | |
| | | : | |
| | | : | |
| | v. | : | |
| | | : | |
| | | : | |
| | | : | |
| PENN CENTRAL CORPORATION | : | No. 1756 EDA 2020 |
| A/K/A AMERICAN PREMIER | : | |
| UNDERWRITERS, CONSOLIDATED | : | |
| RAIL CORPORATION, AND CSX | : | |
| TRANSPORTATION, INC | : | |

Appeal from the Order Entered August 14, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 190302949

BEFORE: McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED SEPTEMBER 14, 2021**

These five consolidated appeals arise from orders by the Court of Common Pleas of Philadelphia County (trial court) granting the dismissal of the underlying actions. The plaintiffs in each case are former employees of the defendants, Rail Corporation (Conrail), Penn Central Corporation a/k/a American Premier Underwriters, Inc. (Penn Central), and CSX Transportation,

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

Inc. (CSX) (collectively, the Railroad Defendants).[1] Each of the plaintiffs has asserted a claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, based on injuries allegedly sustained while working for the Railroad Defendants on sites located outside of Pennsylvania.[2]

The Railroad Defendants filed motions to dismiss the five complaints based on the doctrine of *forum non conveniens*, 42 Pa.C.S. § 5322(e). They argued that the plaintiffs should have to refile their suits in states other than Pennsylvania for lack of sufficient ties to that forum. As explained in more depth below, we affirm all five orders granting the motions to dismiss in the appeals docketed at 1652 EDA 2020; 1653 EDA 2020; 1655 EDA 2020; 1716 EDA 2020; and 1756 EDA 2020.

## I.

The plaintiffs in the underlying cases have in the past worked at sites managed by the Railroad Defendants. It is undisputed that at all relevant

---

[1] In cases 1652 EDA 2020, 1653 EDA 2020, and 1716 EDA 2020, the personal representative of a deceased employee's estate has filed the underlying action. In the remaining two cases, the employees have brought suit directly as the named plaintiffs.

[2] Three of the plaintiffs (Macey, Schleich and Thompson) also claimed violations of the Locomotive Inspection Act, 49 U.S.C. § 20701. The addition of this claim in those cases has no bearing on the dispositive issue of *forum non conveniens*.

times, all the plaintiffs were employed outside of Pennsylvania, sustained their injuries outside of Pennsylvania, and received treatment outside of Pennsylvania.

In their motions to dismiss, the Railroad Defendants listed the following factors supporting dismissal on the grounds of *forum non conveniens*: (1) none of the potential fact witnesses or sources of proof reside in Pennsylvania; (2) the Railroad Defendants will be unable to compel the attendance of unwilling witnesses; (3) it will be costly to obtain attendance of willing out-of-state witnesses; (4) the fact-finder will be unable to easily view the plaintiffs' work premises in person; and (5) the Philadelphia courts, taxpayers and jury pool will be burdened by the litigation.

The plaintiffs attempted to establish a link between their claims and Pennsylvania by stating their intention to call four witnesses with ties to Philadelphia. According to the plaintiffs, these witnesses – Marcia Comstock, William Barringer, Ramon Thomas and Paul Kovac – were employed by the Railroad Defendants and privy to information relevant to their FELA claims, including the "safety procedures in use by" the Railroad Defendants at the time of the plaintiffs' injuries. The plaintiffs also asserted that one of the four witnesses currently resides in Pennsylvania.

Dismissal was granted in **Chatman** (1652 EDA 2020); **Macey** (1653 EDA 2020); **Schleich** (1655 EDA 2020); **Aper** (1716 EDA 2020); and **Thompson** (1756 EDA 2020).  The plaintiffs timely appealed,[3] and in substantially similar 1925(a) opinions for each of those cases, the trial court found that the Railroad Defendants had established "weighty reasons" to justify dismissal.  The trial court relied primarily on our opinion in **Wright v. Consol. Rail Corp.**, 215 A.3d 982 (Pa. Super. 2019), a related FELA case where we found that the trial court abused its discretion in denying the Railroad Defendants' motion for dismissal on *forum non conveniens* grounds.

The trial court reasoned that the facts of those five cases "are nearly identical to **Wright**" insofar as "the majority of potential witnesses with any connection to the underlying matter reside in a foreign jurisdiction."  1925(a)

---

[3] The trial court simultaneously ordered the plaintiffs in these five cases to file with the Prothonotary a 1925(b) Statement of Matters Complained of on Appeal within 21 days from the date the order was filed.  The plaintiffs complied with that filing deadline.  These orders also directed the plaintiffs to serve a copy of the Statements to the trial court by hand-delivery or carrier service.  However, the trial court's order did not specify the deadline for service or provide an address where the trial court could be served as Pa.R.A.P. 1925(b)(3)(iii) requires.  Despite those defects in the order, the plaintiffs ultimately served the trial judge with a copy of their Statements prior to the issuance of the trial court's respective 1925(a) opinions.  Thus, we find that the plaintiffs substantially complied with Rule 1925(b) and thereby preserved for appeal all issues raised in their Statements.  **See Rahn v. Consol. Rail Corp.**, 254 A.3d 738 (Pa. Super. 2021) (finding plaintiff substantially complied with Rule 1925(b) on nearly identical facts).

Opinion, 10/27/2020, at 8 (opinion in **Chatman**, 1652 EDA 2020).  Moreover,

the trial court added that:

> [a]ll of the supervisors and co-workers who worked with [p]laintiff[s] may have knowledge about the facts giving rise to [plaintiffs'] claim reside in a foreign jurisdiction.  All of [plaintiffs'] doctors who played a role in their diagnosis and medical treatment reside in a foreign jurisdiction.  All of [plaintiffs'] alleged injuries took place while they was working in a foreign jurisdiction.  Furthermore, none of the relevant documentary evidence is located or maintained in Pennsylvania.

**Id**.[4]

The plaintiffs now each contend in the consolidated five appeals that the

trial court abused its discretion in granting dismissal.  They frame their

appellate issues in these cases as follows:

> 1. Whether the Trial Court abused its discretion in finding that weighty reasons existed to support dismissal under the doctrine of *forum non conveniens*.

> 2. Whether the Trial Court should have considered in its analysis not only that Conrail and Penn Central were Pennsylvania corporations and that both of their corporate headquarters were located in Philadelphia, PA, but also that four of the Plaintiffs' fact witnesses worked for Conrail at its corporate headquarters in Philadelphia, PA.

---

[4] The reasoning of the 1925(a) opinions for all five consolidated appeals each relied on our **Wright** opinion in concluding that the Railroad Defendants had established weighty reasons for dismissal in the case.  The opinions for **Chatman** (1652 EDA 2020); **Macey** (1653 EDA 2020); **Schleich** (1655 EDA 2020); and **Aper** (1716 EDA 2020), were authored by the Honorable Angelo J. Foglietta, and the 1925(a) opinion for **Thompson** (1756 EDA 2020) was authored by the Honorable Sean F. Kennedy.

3. Whether the Trial Court erred in considering the inconvenience of [the Railroad Defendants'] potential hypothetical fact witnesses over the actual inconvenience of [Plaintiffs'] four fact witnesses who would be required to travel to [another state] for trial.

**See e.g.**, Appellant's Brief, at 2 (brief filed in **Chatman**, 1652 EDA 2020).

## II.

## A.

In **Chatman** (1652 EDA 2020); **Macey** (1653 EDA 2020); **Schleich** (1655 EDA 2020); **Aper** (1716 EDA 2020); and **Thompson** (1756 EDA 2020), the plaintiffs all raise the same three appellate issues concerning whether the trial court abused its discretion in granting dismissal. These issues will be addressed collectively below.

FELA affords a plaintiff a "substantial right" to select the forum in which to file his or her FELA claims. **See** 45 U.S.C. § 56. However, under the doctrine of *forum non conveniens*, a trial court may dismiss a case in whole or in part if it "finds that in the interest of substantial justice the matter should be heard in another forum[.]" 42 Pa.C.S. § 5322(e); **see also Hovatter v. CSX Transp., Inc.**, 193 A.3d 420, 425-26 (Pa. Super. 2018) (holding that FELA does not heighten the deference afforded to a plaintiff's choice of forum in the context of *forum non conveniens*). This doctrine allows the court to look beyond jurisdiction and venue in determining whether the plaintiff's

- 8 -

choice of forum "would serve the interests of justice under the particular circumstances." ***Robbins for Estate of Robbins v. Consol. Rail Corp.***, 212 A.3d 81, 87 (Pa. Super. 2019).

Two main factors must guide the determination on whether the plaintiff has chosen a proper forum. The first factor is if the plaintiff has an available alternative forum to refile claims if they are dismissed. ***Id***.

The second factor is whether there are "weighty reasons" which justify altering the plaintiff's choice of forum. ***Id***. The plaintiff's choice of forum must be given a high degree of deference, but to a lesser extent where the plaintiff has chosen a foreign forum, as all plaintiffs do here. ***See id***.

The assessment of "weighty reasons" implicates both public and private interests. ***See Hovatter***, 193 A.3d at 425; ***see also Plum v. Tampax, Inc.***, 160 A.2d 549 (Pa. 1960) (same). Private interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

***Hovatter***, 193 A.3d at 425 (citations omitted).

Public interests include:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id*. (citations omitted).

A trial court's ruling on a motion to dismiss based on *forum non conveniens* is subject to an abuse of discretion standard of review. *Id*. at 424 (some citations and quotation marks omitted). "[I]f, there is any [factual basis in the record] for the trial court's decision, the decision must stand." *Id*. An error of law or a manifestly unreasonable judgment may constitute an abuse of discretion, and such errors are reviewed *de novo*. *See id*.

**B.**

The trial court did not abuse its discretion in granting the Railroad Defendants' motions to dismiss. The undisputed facts of these cases gave the trial court a sufficient basis to conclude that there existed weighty reasons why the plaintiffs should be compelled to refile their claims in a more appropriate forum. Again, none of the plaintiffs in these five cases reside in Pennsylvania; none of their injuries occurred in Pennsylvania; and none of their treatment was given in Pennsylvania.

In their briefing, the plaintiffs have stressed that they have identified four former employees of the Railroad Defendants who the plaintiffs broadly assert became privy to relevant "safety procedures" while working in Philadelphia. The plaintiffs also assert that at least one of those potential witnesses resides in Pennsylvania. However, the record does not show how the potential witnesses' testimony is relevant. The record also does not indicate where any of those four witnesses live, much less whether or to what extent they would be willing to testify in Philadelphia. Although the plaintiffs' counsel identified these potential witnesses and asserted they have knowledge of the Railroad Defendants' safety procedures, those assertions were not evidence and did not compel the trial court to deny dismissal as a matter of law. *See Commonwealth v. Hanible*, 30 A.3d 426, 466 (Pa. Super. 2011) (assertions of counsel are not evidence).

The fact that the Railroad Defendants are incorporated or headquartered in Pennsylvania also did not render the trial court's dismissal an abuse of discretion. The trial court was free to credit the Railroad Defendants' evidence of private and public interests that established weighty reasons for dismissal. *See Robbins*, 212 A.3d at 90 ("[I]t is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is not an exercise in counting numbers.") (citation and quotations omitted).

Finally, in materially indistinguishable cases, this Court has upheld the dismissal of similar FELA suits against the Railroad Defendants on the grounds of *forum non conveniens*.[5] As discussed above, this Court has even gone so far as to hold that under nearly identical circumstances, the trial court abuses its discretion by *denying* dismissal. **See Wright**, 215 A.3d 982; **see also Ficarra**, 242 A.3d 323. Thus, because the trial court did not abuse its discretion in granting dismissal in all five cases here, those rulings must stand.[6]

---

[5] **See also Lyndes v. Penn Central Corp.**, 254 A.3d 725 (Pa. Super. 2021); **Rahn v. Consol. Rail Corp.**, 254 A.3d 738 (Pa. Super. 2021); **Burnett v. Penn Central Corp.**, 250 A.3d 1240 (Pa. Super. 2021); **DeAngelis v. Penn Central Corp.**, 251 A.3d 432 (Pa. Super. 2021); **Hurt v. Penn Central Corp.**, 250 A.3d 1227 (Pa. Super. 2021); **Stevens v. Penn Central Corp.**, 251 A.3d 798 (Pa. Super. 2021).

[6] The plaintiffs in **Chatman** and **Thompson** have raised an additional argument that the trial court's orders of dismissal did not expressly (or sufficiently) toll the filing period for purposes of the statutes of limitations in other jurisdictions, thereby denying them of an alternative forum and precluding dismissal in Philadelphia. However, even assuming the trial court erred in that respect, it would not entitle the plaintiffs to relief because, as the trial court noted in its orders, the Railroad Defendants have *stipulated* in both cases that they will submit to service in another forum and not use dismissal in Philadelphia as a basis for a statute of limitations defense upon plaintiffs' refiling. **See e.g.**, Railroad Defendants' Motion to Dismiss Without Prejudice, 5/3/2019, at Paragraph 40. This is sufficient to allow plaintiffs to refile their claims without risk of that procedural bar. **See Farley v. McDonnell Douglas Truck Servs., Inc.**, 638 A.2d 1027, 1032 (Pa. 1994).

J-A17033-21
J-A17034-21
J-A17035-21
J-A17036-21
J-A17037-21

Orders affirmed in 1652 EDA 2020, 1653 EDA 2020, 1655 EDA 2020, 1716 EDA 2020, and 1756 EDA 2020.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2021