J-A07037-19

2019 PA Super 222

| | | |
|---|---|---|
| SAMUEL WRIGHT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION AND CSX TRANSPORTATION, INC. | : | |
| | : | No. 1186 EDA 2018 |
| Appellants | : | |

Appeal from the Order Entered December 19, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  170206086

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                      **FILED JULY 19, 2019**

Consolidated Rail Corporation ("Consolidated Rail") and CSX Transportation, Inc. ("CSX Transportation") (collectively "Appellants") appeal from the denial of their motion to dismiss the complaint filed in the Court of Common Pleas of Philadelphia County based on the doctrine of *forum non conveniens*, for re-filing in a more appropriate forum.  After a careful review, we are constrained to reverse and remand for further proceedings.

The relevant facts and procedural history are as follows: On February 23, 2017, Samuel Wright ("Mr. Wright"), a non-resident of Pennsylvania, instituted the instant action pursuant to FELA[1] against Consolidated Rail, which is incorporated in Pennsylvania with a principal place of business in Philadelphia, and CSX Transportation, which is incorporated in Virginia with

_____

[1] Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.

_____

*   Former Justice specially assigned to the Superior Court.

an address for service in Harrisburg, Pennsylvania. Mr. Wright averred Appellants conduct business in and have substantial contacts with Philadelphia. He specifically averred Appellants conduct business in Philadelphia "as an interstate common carrier of freight for hire by rail into and from the various states[.]" Mr. Wright's Complaint, filed 2/23/17, at 3.

Mr. Wright alleged that, since 1974, he had been employed by Appellants as a car inspector at the Dewitt Train Yard in East Syracuse, New York, and as a direct result of his job duties, he suffered repetitive stress injuries to both shoulders.

On November 3, 2017, Appellants filed a joint motion to dismiss under 42 Pa.C.S.A. § 5322(e) and the doctrine of *forum non conveniens*. Therein, pointing to Mr. Wright's answers to interrogatories, Appellants indicated Mr. Wright had been a long-time resident of New York; however, in 2016, Mr. Wright relocated from East Syracuse, New York, to South Carolina. He was employed by Consolidated Rail and worked at the train yard in East Syracuse, New York, from July 9, 1974, to May 31, 1999. He was employed by CSX Transportation and worked at the train yard in East Syracuse, New York, from June 1, 1999, to September 24, 2014.[2]

---

[2] According to sworn affidavits submitted by Appellants, in 1998, CSX Transportation and Norfolk Southern Corporation acquired Consolidated Rail through a joint stock purchase, and they took administrative control of Consolidated Rail in 1998. CSX Transportation acquired the New York facility at issue as part of these business dealings.

Mr. Wright neither worked nor was injured in Pennsylvania, and he neither lived nor owned property in Pennsylvania. All of Mr. Wright's treating physicians and medical files related to the alleged injury are located in Syracuse, New York. Mr. Wright admitted all of his fact witnesses are former or current railroad workers who reside outside of Pennsylvania.

Moreover, pointing to affidavits filed in support of their motion, Appellants averred that all of their witnesses who might have knowledge of Mr. Wright's employment with Appellants reside outside of Pennsylvania and it is likely that any yet-to-be identified co-workers who could potentially serve as witnesses reside outside of Pennsylvania. Appellants indicated Mr. Wright's supervisors currently live in Syracuse, New York, and Fisherville, Kentucky. They further indicated that all employment records related to Mr. Wright are stored outside of Pennsylvania. Furthermore, Appellants averred it would be a greater hardship and inconvenience to Appellants' employees, as well as greater business disruption and costs to Appellants, if the trial is held in Pennsylvania, as opposed to New York.

Accordingly, Appellants averred Mr. Wright's action has no *bona fide* connection to Pennsylvania. They reasoned the only alleged connections between Pennsylvania and the instant matter are that CSX Transportation conducts rail operations in Philadelphia, which are totally unrelated to Mr. Wright's claim of injury, and Consolidated Rail is incorporated in Pennsylvania

with headquarters in Philadelphia, which is totally unrelated to Mr. Wright's claim of injury.

Appellants averred the fact the instant matter was initiated under FELA does not alter the *forum non conveniens* analysis in Pennsylvania. Appellants argued that since Mr. Wright worked exclusively outside of Pennsylvania and suffered alleged injuries as a result of conduct that occurred exclusively outside of Pennsylvania, the matter should be dismissed with leave for Mr. Wight to re-file in an appropriate state. Appellants agreed to waive the statute of limitations if Mr. Wright re-filed his action in a new forum within 120 days of the dismissal of the suit in Philadelphia, as well agreed to not object on the basis of venue or personal jurisdiction if the matter was re-filed in New York.

On November 27, 2017, Mr. Wright filed a response in opposition to Appellants' motion to dismiss for *forum non conveniens*. Therein, Mr. Wright argued that, since he brought his action under FELA, he has a "substantial right" to choose his forum, he is permitted to bring an action in any district where Appellants conduct business, and the trial court should give "notable deference" to Mr. Wright's choice of forum. With regard to Appellants' assertion all employee and medical files are located outside of Pennsylvania, Mr. Wright responded the location of the documents is immaterial since modern conveniences make it easy so that the documents may be accessed by the parties. Further, Mr. Wright averred Appellants are in a "better financial condition" to litigate at a distance than is Mr. Wright.

On December 8, 2017, Appellants filed a reply to Mr. Wright's response wherein they presented substantially similar arguments as they presented in their motion to dismiss.

By order entered December 19, 2017, the trial court denied Appellants' motion to dismiss. Appellants filed a motion to amend the order to allow for an interlocutory appeal, and the trial court denied the motion. Appellants then filed a petition for review with this Court. We granted the petition and transferred the matter to the instant docket number.

On August 10, 2018, the trial court filed a Pa.R.A.P. 1925(a) opinion in which it set forth its reasoning.[3] Initially, the trial court indicated it did not consider the law under FELA regarding a plaintiff's choice of forum. Trial Court Opinion, filed 8/10/18, at 4 n.1. The trial court acknowledged New York is an available forum; however, the trial court indicated it was required to examine the "private" and "public" factors in order to determine whether "weighty reasons" exist to overcome Mr. Wright's choice of forum. *Id.* at 4-5. In denying Appellants' motion to dismiss, the trial court relevantly indicated the following:

> [It] [i]s undisputed that [Consolidated Rail] is incorporated in Philadelphia, Pennsylvania[,] and that [CSX Transportation], which owns part of [Consolidated Rail], is headquartered in Florida and was served process in Pennsylvania. It is further undisputed that [Mr.] Wright is currently a resident of South Carolina, [Mr.] Wright does not and nor ever has either worked or lived in

_____

[3] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) statement, and therefore, no such statement was filed.

- 5 -

Pennsylvania. He owns no property in the Commonwealth. His injuries were not sustained in Pennsylvania and none of his witnesses reside in Pennsylvania. Further, his medical treatment occurred in New York.

It is also undisputed that jurisdiction is proper in Pennsylvania, resting as it does on [Consolidated Rail's] corporate residence in Pennsylvania.

In support of their motion to dismiss the matter and grant [Mr. Wright] leave to re-file in New York, [Appellants] appended two affidavits. In her affidavit on behalf of [CSX Transportation,] [Lauren] Lamp stated that she is employed as Manager of Field Investigations and that she works in Tonawanda, New York. Her review of the corporate records shows that while employed with [CSX Transportation], [Mr.] Wright never worked in any [of CSX Transportation's] facilities in Pennsylvania. She makes the same or similar statements in her affidavit on behalf of [Consolidated Rail], with whom [Mr.] Wright was employed between 1974 and 1999, when [CSX Transportation] assumed administrative control of [Consolidated Rail]; she avers that [Mr.] Wright had no work-related connection with Pennsylvania.

On the claim of *forum non conveniens*, namely, [Appellants'] difficulties and costs associated with litigating [Mr.] Wright's case in Philadelphia, [Ms.] Lamp had the following to say:

- "Mr. Wright's supervisors and co-workers may be potential trial witnesses."

- Mr. Wright's…supervisors in New York were: Scott T. Neidl (Neidl) and Tyson D. Hill (Hill). Neidl lives in New York; Hill lives in Kentucky.

- "Ordinarily" his…supervisors and co-workers "would not be expected to have worked, been based, or lived in Pennsylvania."

- None of the "potential supervisors" and none of his co-workers live in Pennsylvania.

- Referring to the relative inconvenience to [Appellants'] employees of traveling to Philadelphia, [Ms.] Lamp avers that "[b]ased on the time needed for travel, trial preparation and trial attendance, such employees would be expected to be out of service for a minimum of three to four days for a trial in Philadelphia."

- Taking such employees out of operation "will result in…greater operational disruption and inconvenience" than a trial in New York.

- Similarly, hotel and travel expenses for each employee, and inconvenience to employees and their families will be much less if the case were tried in New York.

- Finally, [Appellants'] employment records are maintained in either New York,…New Jersey, or in…Florida, [but] not [in] Pennsylvania.

***

[T]he court concludes that [Appellants] have failed to create a record showing that weighty reasons either require or permit dismissing [Mr.] Wright's case. [Appellants] rely principally on two affidavits consisting of unsupported conclusory statements that, taken at face value, present a case of mere inconvenience. The affidavits lack any iteration of facts showing that [Appellants] or [Appellants'] employees, its putative witnesses, are faced with costs and inconvenience beyond what is ordinary in corporate litigation practice. There is no record to support the affiant's assertion that most or all of [Appellants'] witnesses reside "primarily, if not exclusively" in New York. While [Mr. Wright] has admitted that his fact witnesses are outside of Pennsylvania, the record contains no information about where they do in fact reside. Since [Appellants'] bare assertions cannot be credited without a record, the court is unable to find that [Mr. Wright's] choice is "seriously inappropriate" and that weighty reasons require dismissing [Mr.] Wright's case.

### Private Factors

[Appellants'] treatment of "private factors" falls short in the following ways:

- **"access to sources of proof"** (namely documents) presents nothing more than an inconvenience to both parties. [Appellants] assert that whatever documents they have relevant to [Mr.] Wright's case may be in any one of three locations: New York, New Jersey, and Florida. Therefore, wherever the case is tried, the parties necessarily will rely, as litigants customarily do, on tools such as mail, fax, thumb drives, courier services, and electronic transfers.

- 7 -

- **"the cost of obtaining witnesses"** only two of whom are actually identified (one in Kentucky [and one in New York]) is supported by no detail, nor do [Appellants] demonstrate what costs it will bear or how those costs and inconvenience to its employee or interruption of their operations present hardships disproportionate to the same burdens they will bear litigating the case in Philadelphia.

- **"availability of compulsory services"** for unidentified, unwilling witnesses is a claim unsupported by anything other than speculation.

- **"possibility of a review of the premises,"** like access to documents, is amendable to the advantages of modern technology that obviates the need for site visits, and [Appellants] have presented no evidence or argument to the contrary.

- **"practical problems that make trial of a case easy, expeditious, and inexpensive"** are alluded to but not specifically identified in [Appellants'] motion, nor can th[e] court discern any that are likely to present anything more than mere inconvenience to [Appellants].

Thus, while litigating this matter in Philadelphia presents inconveniences to both parties, none demonstrably weigh in favor of [Appellants'] preference.

**Public Factors**

As with its review of the public factors under consideration, the court finds that [Appellants'] case falls short:

- **"congestion"** in Philadelphia courts is not demonstrated persuasively by a single news article about changes in the rate of complaints filed in the court's mass tort program.

- the court finds that the community's **"relation to the litigation"** in Philadelphia is strong: [Consolidated Rail] is a signature local name and the company has maintained a public presence as an active corporate citizen and employer in the Philadelphia region for many years.

- **"conflict of laws"** is not a consideration in this litigation.
- the **"enforceability of a judgment"** is not a factor in this litigation.
- **"familiarity with the law"** of FELA by courts in Philadelphia is undisputed.

In short, there is scant basis on this record for [Appellants'] contention that public factors *require* the dismissal of [Mr.] Wright's claim.

\*\*\*

[Appellants] have failed to show that the inconvenience and costs to them in litigating in Pennsylvania are so great as to meet the "weighty reasons" standard[.]

***Id.*** at 2-8 (citations omitted) (emphasis in original) (some bold omitted).

On appeal, Appellants contend the trial court erred in denying their motion to dismiss Mr. Wright's complaint under 42 Pa.C.S.A. § 5322(e) and the doctrine of *forum non conveniens*. Specifically, Appellants contend that, in deciding the motion, the trial court utilized an incorrect standard similar to the "plaintiff-friendly 'oppressive or vexatious' standard applicable solely to intrastate transfer motions under Pa.R.C.P. 1006(d)." Appellants' Brief at 20.

Further, Appellants contend the trial court held Appellants to an erroneous evidentiary burden as it relates to sworn affidavits. Moreover, Appellants contend this Court's recent decision in ***Hovatter v. CSX Transportation, Inc.***, 193 A.3d 420 (Pa.Super. 2018), is indistinguishable from and controlling in the instant matter as it relates to the "weighty reasons" requiring dismissal of Mr. Wright's Pennsylvania complaint.

Initially, we note the following relevant principles:

> Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.
>
> An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary.
>
> In Pennsylvania, the doctrine of *forum non conveniens*, which originated in Common Law, has been codified by statute:
>
> > **Inconvenient forum.-**When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.
>
> 42 Pa.C.S.A. § 5322(e).

*Hovatter*, 193 A.3d at 424 (quotations and citations omitted).[4]

The doctrine of *forum non conveniens* "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." *Alford*, 531 A.2d at 794 (citation omitted). The doctrine addresses the issue of plaintiffs bringing "suit in an inconvenient forum in the hope that they will secure easier or larger recoveries or so add to the costs of the defense that the defendant will take a

---

[4] Our courts lack the authority to transfer matters to courts of our sister states; but rather, when appropriate, our courts should dismiss the action to permit re-filing in another state. *See Alford v. Philadelphia Coca-Cola Bottling Co., Inc.*, 531 A.2d 792 (Pa.Super. 1987).

default judgment or compromise for a larger sum." ***Hovatter***, 193 A.3d at 424 (quotation marks and quotation omitted).

> The two most important factors the trial court must apply when considering whether dismissal is warranted are that "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed."[5]
>
> ***
>
> [W]ith respect to the initial factor, we note that "a court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." Furthermore,
>
>> To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. ***Petty v. Suburban General Hospital***, 525 A.2d 1230, 1232 (Pa.Super. 1987). The ***Petty*** Court reiterated the considerations germane to a determination of both the plaintiff's private interests and those of the public as defined by the United States Supreme Court in ***Gulf Oil Corp. v. Gilbert***, 330 U.S. 501, 67 S.Ct. 839 (1947). They are:
>>
>>> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will

---

[5] With regard to the second factor, in light of Appellants' stipulations, there is no dispute that an alternate forum (New York) is available for the instant action. ***See Hovatter***, ***supra***. Therefore, the second factor is not at issue.

- 11 -

> weigh relative advantages and obstacles to a fair trial.
>
> ***
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial…in a forum that is at home with the state law that must govern the case, rather than having a court is some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Hovatter*, 193 A.3d at 424-25 (quotations and citations omitted) (footnote added).

In the case *sub judice*, Appellants first contend the trial court applied an erroneous standard, which was similar to the "plaintiff-friendly 'oppressive or vexatious' standard applicable solely to intrastate transfer motions under Pa.R.C.P. 1006(d)." Appellants' Brief at 20. Appellants contend the trial court erroneously gave heightened deference to Mr. Wright's choice of forum. *Id.* at 24.

As indicated *supra*, Section 5322(e) of the Judicial Code controls when there is a request to transfer a case to another state based on *forum non conveniens*. *See Hovatter*, *supra*. When the matter involves a request to transfer venue from one county to another county in Pennsylvania based on *forum non conveniens*, Pa.R.C.P. 1006(d)(1) controls. *See Pisieczko v.*

*Children's Hosp. of Philadelphia*, 73 A.3d 1260, 1262 n.3 (Pa.Super. 2013).

This distinction is significant since a defendant bears a heavier burden under Pa.R.C.P. 1006(d)(1), which permits forum transfers only when the defendant establishes that a plaintiff's chosen forum is oppressive and vexatious for the defendant. *See Bratic v. Rubendall*, 626 Pa. 550, 99 A.3d 1 (Pa.Super. 2014). Under Pa.R.C.P. 1006(d)(1), "the defendant must show more than that the chosen forum is merely inconvenient to him." *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 701 A.2d 156, 162 (1997) (footnote omitted). Further, under Pa.R.C.P. 1006(d)(1), the trial court must give great weight and deference to the plaintiff's choice of forum, and the defendant seeking a change of venue bears a heavy burden in justifying the request. *Id. See Bratic*, *supra*; *Wood v. E.I. du Pont de Nemours and Co.*, 829 A.2d 707 (Pa.Super. 2003).

However, as indicated *supra*, under Section 5322(e) of the Judicial Code, the trial court must determine whether "weighty reasons" exist as would overcome the plaintiff's choice of forum. *Hovatter*, *supra*. Under Section 5322(e), transfer should be permitted if "there is a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively." *Id.* at 427 (citation omitted). Further, it is well settled that "the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate

his or her claims." **Aerospace Finance Leasing, Inc. v. New Hampshire Ins. Co.**, 696 A.2d 810, 814 (Pa.Super. 1997) (citation omitted). "[W]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable." **Id.** (quotation marks and quotation omitted).

Instantly, we agree with Appellants that, in determining whether "weighty reasons" exist, the trial court erred in giving great deference to Mr. Wright's (the plaintiff's) choice of forum and incorporating "plaintiff-friendly" Pa.R.C.P. 1106(d) standards into its analysis. For example, in the case *sub judice*, the trial court examined the matter with an eye towards whether the factors showed "[Appellants] or [Appellants'] employees, its putative witnesses, are faced with costs and inconvenience beyond what is ordinary in corporate litigation practice." Trial Court Opinion, filed 8/10/18, at 5-6. Further, the trial court sought to determine whether Mr. Wright's choice of forum was "merely inconvenient" to Appellants. **Id.**

Inasmuch as there is no dispute that interstate transfer was sought in this case under Section 5322(e), the trial court should have given less deference to Mr. Wright's choice of Pennsylvania as a forum and should have sought to determine whether "there is a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively." **Hovatter**, 193 A.3d at 427 (citation omitted). Determining whether Mr. Wright's chosen forum was "merely inconvenient" to Appellants was not the

- 14 -

proper standard for the trial court in ruling on Appellants' interstate *forum non conveniens* motion. **See Humes v. Eckerd Corp.**, 807 A.2d 290 (Pa.Super. 2002).

Accordingly, we conclude the trial court improperly intermingled standards of heightened deference afforded to plaintiffs under Pa.R.C.P. 1006(d)(1) into this interstate transfer matter, thus abusing its discretion.[6]

Next, Appellants contend the trial court imposed an improper evidentiary burden upon Appellants and erred in its consideration of Appellants' affidavits, which were submitted in support of their motion to dismiss under Section 5322(e). Instantly, the trial court ruled Appellants' affidavits were insufficient since the affidavits consisted "of unsupported conclusory statements" and "bare assertions [that] cannot be credited without a record[.]" Trial Court Opinion, filed 8/10/18, at 5-6.

The trial court specifically held that, while sworn affidavits submitted by Appellants asserted that "most or all of [Appellants'] witnesses 'reside primarily, if not exclusively' in New York[,]" there was "no record" to support the affiant's assertions. **Id.** at 6. Further, the trial court concluded the allegations made in Appellants' affidavits related to greater costs,

---

[6] This Court recently held that, under FELA, injured railroad workers are not entitled to a heightened deference as to their choice of forum. **Hovatter**, **supra**. We acknowledge the trial court indicated in its opinion that it did not consider the "law under FELA" in ruling on Appellants' motion to dismiss. **See** Trial Court Opinion, filed 8/10/18, at 4 n. 1.

- 15 -

inconvenience, hardship, and business disruption if the case is tried in Pennsylvania, as opposed to New York, needed to be supported by detail in the record. *Id.*

Our Supreme Court has held that, while petitions to transfer venue must be supported by information on the record, no particular form of proof is required. *See Bratic*, *supra*. "All that is required is that the moving party present a sufficient factual basis for the petition." *Bratic*, *supra*, 99 A.3d at 9 (quotation omitted). Moreover, in matters involving motions to transfer venue, our Supreme Court has held the trial court must exercise "common sense" in evaluating the allegations in affidavits. *Id.*

Here, inasmuch as the trial court determined there is no dispute that Mr. Wright worked for Appellants exclusively in New York, Appellants' assertion in its affidavits that most or all of its witnesses reside primarily, if not exclusively, in New York does not require additional record support. *See id.* Additionally, with regard to Appellants' assertion in its affidavits that it will be more costly to transport out-of-state witnesses for trial, as well as cause greater inconvenience and interference with the witnesses' personal life and Appellants' business, as our Supreme Court held in *Bratic*:

> [Aside from allegations that such will occur,] [w]e are unsure what extra detail must be enumerated—the interference with one's business and personal life caused by the participatory demands of a distant lawsuit is patent. The witnesses need not detail what clients or tasks will be postponed or opportunities lost in order for the judge to exercise common sense in evaluating their worth; indeed, no one can foretell such detail. One hopes a judge may comprehend the existence of relevant general

- 16 -

disruption from the allegations in the affidavit, sufficiently to rule on the issue.

**Bratic**, **supra**, 99 A.3d at 9.

Accordingly, we conclude the trial court erred as it pertains to consideration of Appellants' affidavits and evidentiary burden.

Finally, Appellants contend this Court's recent decision in **Hovatter**, **supra**, is indistinguishable from and controlling in the instant matter as it relates to the "weighty reasons" factor, which the trial court must consider in ruling on a motion to dismiss under Section 5322(e). Consequently, Appellants contend the trial court erred in concluding Mr. Wright's choice of forum should not be disturbed since there were no "weighty reasons." We agree with Appellants.[7]

In **Hovatter**, in concluding the appellant (defendant below) established "weighty reasons" for dismissal of the appellees' (plaintiffs below) Pennsylvania complaints, this Court indicated the following:

> The trial court found that [the] [a]ppellant[8] was doing business in Philadelphia by virtue of its hauling freight through the

---

[7] We acknowledge it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is "not an exercise in counting numbers." **Bochetto v. Dimeling, Schreiber, & Park**, 151 A.3d 1072, 1083 (Pa.Super. 2016). However, given the trial court's errors as indicated *supra*, combined with the similarities between **Hovatter** and the instant case, we conclude the trial court erred in failing to find the requisite "weighty reasons" for dismissal under the doctrine of *forum non conveniens*.

[8] We note CSX Transportation, who is one of the defendants/appellants in the instant case, was the sole defendant/appellant in **Hovatter**. Also, **Hovatter**

- 17 -

county on a regular basis. Furthermore, the court reasoned that even though [the] [a]ppellant had waived objections to re-filing in an alternate jurisdiction (on certain conditions), it had failed to establish weighty reasons for dismissal on evaluation of the private and public interest factors. We are constrained to disagree.

[The] [a]ppellant maintains that "under generally applicable Pennsylvania law, [its] unrelated business activity in Pennsylvania is not a valid basis for denying [the appellant's] [*forum non conveniens*] motions." Preliminarily, we observe that doing business in Philadelphia supports venue. It does not preclude dismissal based on *forum non conveniens*.

\*\*\*

[The] [a]ppellant argues that these cases should be dismissed. Neither [a]ppellee resides in Pennsylvania (Hovatter resides in Maryland; Wilson, in Kentucky). Hovatter's injury allegedly occurred in Cumberland, Maryland; Wilson's in Kentucky, Ohio, and Indiana; Hovatter received his medical treatment in Maryland; his witnesses are in Maryland.

Wilson received all of his medical treatment in Kentucky and Ohio. All of his claims arise from alleged acts and omissions of [the] [a]ppellant in Kentucky, Ohio, Indiana, or Florida. There are no relevant witnesses to any of the working conditions in Pennsylvania. There are no employment records or other documents of relevance to either case in Pennsylvania. [The] [a]ppellant states that all sources of proof in these matters are located outside of Pennsylvania.

[The] [a]ppellant also argues that because all of the witnesses it is likely to call reside outside of Pennsylvania, it will be more difficult to compel their presence at trial, in particular, unwilling witnesses. It contends that even if the [*sic*] some of the witnesses are willing to attend, it will be more costly and inconvenient.

Nevertheless, the trial court maintains that the private and public factors do not favor dismissal. However, the trial court's conclusion is unreasonably and impermissibly dependent

---

involved the consolidation of two plaintiffs/appellees' cases: one involving David Hovatter and the other involving Edward Wilson.

- 18 -

on…suggestions on how to trim costs or work around other objections.

These recommendations range from the court's encouragement of increased use of video technology, to its highly impractical (and implausible) suggestion that in Horvatter's case [the] [a]ppellant could remove the ramp at issue, a twelve feet by six fee construct of steel and concrete still in active use in the Cumberland locomotive shop, for shipment to Philadelphia.

Similarly, the trial court dismissed the problem of transporting witnesses from Cumberland, Maryland to Philadelphia (a distance of about two hundred forty miles) by reasoning that because [the] [a]ppellant is in the business of hauling freight, it should be able to make arrangements for employee (and other Maryland witnesses') travel as well….

We are constrained to conclude the trial court abused its discretion.

*Hovatter*, 193 A.3d at 427-28 (footnote added) (citations omitted).

In the case *sub judice*, the trial court found Mr. Wright has never resided, worked, or owned property in Pennsylvania. Rather, he was a long-time resident of New York who moved to South Carolina in 2016. Trial Court Opinion, filed 8/10/18, at 2. Mr. Wright worked for Appellants exclusively in New York. *Id.* The trial court found Mr. Wright's injuries were not sustained in Pennsylvania, his medical treatment occurred in New York, his medical records related thereto are in New York, and none of Mr. Wright's witnesses reside in Pennsylvania. *Id.*

The trial court found Mr. Wright's supervisors currently live in New York and Kentucky. Appellants averred it is not expected that any of Mr. Wright's New York co-workers live in Pennsylvania. Appellants averred it would be a greater hardship and inconvenience to Appellants' employees, as well as a

greater business disruption and costs to Appellants, if the trial is held in Pennsylvania, as opposed to New York. As the trial court found, Appellants' employment records pertaining to Mr. Wright are not stored in Pennsylvania, but are in New York, New Jersey, or Florida.

Similar to **Hovatter**, we conclude the private and public factors favor dismissal in the instant matter. **See also Jessop v. ACF Industries, LLC**, 859 A.2d 801 (Pa.Super. 2004) (affirming order dismissing case on basis of *forum non conveniens* where plaintiff, events giving rise to cause of action, relevant medical records, and all known witnesses were located outside of Pennsylvania, as well as any additional witnesses would most likely reside outside of Pennsylvania). Similar to the trial court in **Hovatter**, the trial court in this case suggested solutions to trim costs and work around other objections. For example, in the instant case, with regard to documentary evidence, the trial court suggested the parties could utilize "mail, fax, thumb drives, courier services, and electronic transfers." Trial Court Opinion, 8/10/18, at 6. With regard to the viewing of the New York premises, the trial court suggested "the advantages of modern technology…obviates the need for site visits[.]" *Id.* at 6. However, such an approach has been rejected by this Court in **Hovatter**.[9]

---

[9] Moreover, the trial court concluded Appellants' claim that compulsory process will be unavailable with regard to witnesses was "speculation." *Id.* However, as Appellants aver, since it is "undisputed that all of the potential

Finally, it bears mentioning that Mr. Wright asserts the "vital difference" between **Hovatter** and the instant case is that, in the former, only CSX Transportation was a defendant whereas in the instant case both CSX Transportation and Consolidated Rail are defendants. Mr. Wright's Brief at 6. He argues Consolidated Rail is headquartered in Philadelphia and, as the trial court concluded, the name "Consolidated Rail" is a "signature local name" with a "public presence."

Preliminarily, we observe the fact Consolidated Rail's headquarters are in Philadelphia supports venue, but it does not preclude dismissal based on *forum non conveniens*. **See id.** In considering the public interest as it relates to a plaintiff's choice of forum under Section 5322(e), our case law recognizes that imposing jury duty and court costs on communities with no relation to the plaintiff's claim weighs in favor of transferring a case. **Engstrom v. Bayer Corp.**, 855 A.2d 52 (Pa.Super. 2004).

Here, the only connection a Philadelphia jury would have to this case is that of, perhaps, being familiar with Consolidated Rail, which the trial court concludes has a "signature local name" and maintains a "public presence." Trial Court Opinion, filed 8/18/18, at 7. However, the repetitive shoulder injuries complained of by Mr. Wright were not caused in connection with any

---

witnesses reside outside of Pennsylvania,...it is 'patent' and 'common sense' that this factor can only favor dismissal." Appellants' Brief at 38-39 (bold omitted).

of Consolidated Rail's activities occurring in Philadelphia. As our Supreme Court has pointed out, the private and public "factors are not mutually exclusive but rather supplement each other." **Plum v. Tampax, Inc.**, 399 Pa. 553, 160 A.2d 549, 553 (1960).

In the case *sub judice*, for all of the foregoing reasons, we are constrained to conclude the trial court abused its discretion. **See Hovatter**, **supra**. Applying the appropriate standard of deference and evidentiary burden, we conclude the trial court erred in failing to recognize Appellants demonstrated "weighty reasons" exist as would overcome Mr. Wright's choice of forum. **See id.** Simply put, Appellants proved "there is a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively" than Mr. Wright's chosen Pennsylvania forum. **Id.** at 427 (citation omitted).

Accordingly, we reverse the order in question and remand with directions to the trial court to dismiss the underlying complaint without prejudice to re-filing it, within the time limits previously stipulated, in a more appropriate court.

Order Reversed. Case remanded with instructions. Jurisdiction relinquished.

Judge Dubow has joined the Opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/19