J-A07036-19

2019 PA Super 172

| HOWARD ROBBINS, PERSONAL REPRESENTATIVE FOR THE ESTATE OF DAVID ROBBINS | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : : : : | |
| CONSOLIDATED RAIL CORPORATION AND PENN CENTRAL CORP., A/K/A AMERICAN PREMIER UNDERWRITERS, INC. | : : : : : : | No. 1055 EDA 2018 |
| Appellants | : | |

Appeal from the Order Entered December 7, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  1702-7646

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    **FILED MAY 29, 2019**

Consolidated Rail Corporation ("Consolidated Rail") and Penn Central Corp., A/K/A American Premier Underwriters, Inc. ("Penn Central") (collectively "Appellants") appeal from the denial of their motion to dismiss the complaint filed in the Court of Common Pleas of Philadelphia County based on the doctrine of *forum non conveniens*, for re-filing in a more appropriate forum.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Howard Robbins ("Mr. Robbins"), who is a resident of Indiana and the personal representative for the estate of David Robbins ("the decedent"), instituted the

_____
*   Former Justice specially assigned to the Superior Court.

instant action pursuant to FELA[1] against Consolidated Rail, which is incorporated in Pennsylvania with a principal place of business in Philadelphia, and Penn Central, which is incorporated in Pennsylvania with an address for service in Harrisburg, Pennsylvania.[2]  Mr. Robbins averred Appellants conduct business in and have substantial contacts with Philadelphia. He specifically averred Appellants conduct business in Philadelphia "as a common carrier by rail, operating a line and system of railroads and transacting substantial business throughout the Commonwealth of Pennsylvania, including but not limited to Philadelphia County."  Mr. Robbins' Complaint, filed 6/6/17, at 1.

Mr. Robbins indicated that, from 1953 to 1989, the decedent was employed by Appellants as a trackman, machine operator, and/or track foreman at the Beech Grove Train Yard in Indianapolis, Indiana.  He averred that, as a result of the decedent's job duties, the decedent was exposed to chemicals and cancer-causing substances, which resulted in the decedent's death from lung and liver cancer on March 1, 2014.

_____

[1] Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.  We note Mr. Robbins originally filed a complaint on March 1, 2017, but he was permitted to amend his complaint on June 6, 2017.

[2] According to a sworn affidavit filed by Appellants, Penn Central filed for bankruptcy in 1970, and all properties of Penn Central became properties of the trustees in Penn Central's bankruptcy.  Thereafter, as part of the Regional Rail Reorganization Act, 45 U.S.C. § 701 *et seq.*, Congress created Consolidated Rail, and all employees of Penn Central were offered continued employment with Consolidated Rail.

On October 3, 2017, Appellants filed a joint motion to dismiss under 42 Pa.C.S.A. § 5322(e) and the doctrine of *forum non conveniens*. In support of their motion, Appellants filed an affidavit from Michael Scully, Director of Risk Management for Consolidated Rail. Mr. Scully clarified the decedent was employed in Indiana by Penn Central from 1953 to 1976, and he was employed in Indiana by Consolidated Rail from 1976 to 1989. Mr. Scully confirmed the decedent never worked for Appellants in Pennsylvania, and employment records for the decedent are stored in Jacksonville, Florida or Mount Laurel, New Jersey.

Mr. Scully averred Appellants identified two of the decedent's former supervisors who might be potential trial witnesses: Dale Mason, who resides in Illinois, and Charles Toney, who resides in Indiana. Both of these former supervisors are retired and no longer employed by Appellants. Mr. Scully averred there may be additional former supervisors or co-workers yet to be identified; however, it was not expected that the supervisors or co-workers would have worked or lived in Pennsylvania. Mr. Scully alleged Appellants' employees would suffer personal disruption if they are called to testify in Pennsylvania, as opposed to Indiana, and Appellants will suffer greater costs, inconvenience, and business disruption.

Appellants also filed an affidavit from James Kennedy, the former vice-president-deputy general counsel and secretary for Penn Central. Mr. Kennedy averred that Penn Central does not possess employment or

personnel files, whether in Pennsylvania or elsewhere, for employees such as the decedent, who were employed by Penn Central but subsequently accepted employment with Consolidated Rail.[3]

Appellants averred the instant action has no *bona fide* connection to Pennsylvania. They reasoned the only alleged connection between Pennsylvania and the instant matter is that Appellants are incorporated in Pennsylvania, and Consolidated Rail has its headquarters in Philadelphia. However, Appellants argued these connections are totally unrelated to Mr. Robbins' claim that the decedent suffered injury. Appellants indicated they agreed to waive the statute of limitations if Mr. Robbins re-filed his action in a new forum within 120 days of the dismissal of the suit in Philadelphia, and they agreed not to object on the basis of venue or personal jurisdiction if the matter was re-filed in Indiana.

On October 24, 2017, Mr. Robbins filed a response in opposition to Appellants' motion to dismiss for *forum non conveniens*. Therein, Mr. Robbins

---

[3] Pointing to a request for admissions, Appellants averred in their motion to dismiss that Mr. Robbins admitted the decedent was not treated for his alleged injuries in Pennsylvania, and all of "[Mr. Robbins'] fact witnesses are located outside of Pennsylvania." Appellants' Motion to Dismiss, filed 10/3/17, at 3, 12 (bold omitted). Appellants argued the request for admissions was deemed admitted since Mr. Robbins did not respond thereto within the time provided by the Rules of Civil Procedure. However, as discussed in depth *infra*, the trial court determined the request for admissions, which was referenced in Appellants' motion to dismiss, was served on Mr. Robbins by CSX Transportation, which is not a party to the instant matter. Trial Court Opinion, filed 9/6/18, at 3 n.2. Accordingly, the trial court "did not consider the [r]equest for [a]dmission[s]." *Id.*

- 4 -

admitted the decedent did not live, work, own property, or receive medical treatment in Pennsylvania. However, Mr. Robbins specifically averred he "intend[ed] to call four (4) former [Consolidated Rail] employees who worked in Philadelphia as fact witnesses at trial including Marcia Comstock (medical director), William Barringer (safety director), Ramon Thomas (industrial hygienist), and Paul Kovac (occupational claims manager)." Mr. Robbins' Response, filed 10/24/17, at 3, 7. He noted that, in Pennsylvania, these witnesses would be "subject to compulsory attendance." *Id.* at 8. He also noted the cost for him to obtain these witnesses' attendance in Indiana, as opposed to Pennsylvania, would be greater. *Id.* at 9. Further, Mr. Robbins indicated that, although he admitted it was unlikely that any of the decedent's unidentified former supervisors or co-workers reside in Pennsylvania, he does not know whether they potentially live closer to Indiana or Philadelphia. *Id.* Mr. Robbins noted it is "convenient" that Appellants named only the decedent's former supervisors and Appellant did not indicate any of their current employees would testify. *Id.* at 8-9.

Moreover, Mr. Robbins asserted that, although the decedent worked at the train yard in Indiana, the policies and procedures related to the decedent's exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia. *Id.* at 5-6. Mr. Robbins admitted the decedent's employment files are not located within Pennsylvania; however, he indicated some of the files are "located within miles

of the Pennsylvania state border" in Mount Laurel, New Jersey. *Id.* at 7. Moreover, Mr. Robbins noted a viewing of the premises in this case would not be desirable and, in fact, it "would be…extremely dangerous [for the jury]." *Id.* at 10.

On December 6, 2017, the trial court held a hearing on the matter, at which neither party produced additional evidence; but rather, the parties focused their attention on the legal arguments.

On December 7, 2017, the trial court denied Appellants' motion to dismiss. Appellants filed a motion to amend the order to allow for an interlocutory appeal, and the trial court denied the motion. Appellants then filed a petition for review with this Court. We granted the petition and transferred the matter to the instant docket number. On September 6, 2018, the trial court filed a Pa.R.A.P. 1925(a) opinion in which it set forth its reasons for denying Appellants' motion to dismiss.[4]

On appeal, Appellants present the following issues in their "Statement of Questions Involved":

1. Whether a court considering a motion to dismiss a FELA case pursuant to 42 Pa.C.S. § 5322(e) should give any consideration to the fact that granting the motion would eliminate the plaintiff's option to litigate his action in the state in which the defendant resides and thereby limit the plaintiff to the forum in which the claim arose[?]

---

[4] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) statement, and therefore, no such statement was filed.

2. Whether a trial court may treat a plaintiff's unverified assertion that certain of his witnesses are located in the forum state as fact and give it primacy in the *forum non conveniens* analysis over the plaintiff's admissions establishing that the action has no connection to the forum state[?]

3. Whether a Pennsylvania jury has an interest in trying an action brought by an out-of-state plaintiff for injuries suffered exclusively in another state solely because the defendant resides in Pennsylvania[?]

Appellants' Brief at 5-6 (suggested answers omitted) (alphabetizing replaced with numbers).

Initially, we note the following relevant principles:

Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.

An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary.

In Pennsylvania, the doctrine of *forum non conveniens*, which originated in Common Law, has been codified by statute:

**Inconvenient forum.-**When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322(e).

***Hovatter v. CSX Transportation, Inc.***, 193 A.3d 420, 424 (Pa.Super. 2018)

(quotations and citations omitted).[5]

The doctrine of *forum non conveniens* "provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances." ***Alford***, 531 A.2d at 794 (citation omitted).

> The two most important factors the trial court must apply when considering whether dismissal is warranted are that "1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed."[6]
>
> ***
>
> [W]ith respect to the initial factor, we note that "a court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." Furthermore,
>
>> To determine whether such "weighty reasons" exist as would overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. ***Petty v. Suburban General Hospital***, 525 A.2d 1230, 1232 (Pa.Super. 1987). The ***Petty*** Court reiterated the considerations germane to a determination of both the plaintiff's private interests and those of the public as defined by the United States Supreme Court in ***Gulf***

---

[5] Our courts lack the authority to transfer matters to courts of our sister states; but rather, when appropriate, our courts should dismiss the action to permit re-filing in another state. ***See Alford v. Philadelphia Coca-Cola Bottling Co., Inc.***, 531 A.2d 792 (Pa.Super. 1987).

[6] As the trial court held, with regard to the second factor, in light of Appellants' stipulations, an alternate forum (Indiana) is available for the instant action. ***See*** Trial Court Opinion, filed 9/6/18, at 4.

> *Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947). They are:
>
> > the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.
> >
> > \*\*\*
> >
> > Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial…in a forum that is at home with the state law that must govern the case, rather than having a court is some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Hovatter*, 193 A.3d at 424-25 (quotations and citations omitted).

In their first claim, Appellants contend the trial court erred in considering the fact that granting Appellants' motion to dismiss would eliminate Mr. Robbins' option to litigate this action in Pennsylvania and require him to litigate the action in Indiana. Appellants suggest the trial court improperly concluded Appellants had an "untoward" motive in seeking to dismiss the suit

in Pennsylvania. *See* Appellants' Brief at 17-19. Further, Appellants suggest the trial court improperly gave "heightened deference" to Mr. Robbins's choice of forum because he brought the action under FELA. *Id.*

In developing their claim, Appellants rely on the following portion of the trial court's Rule 1925(a) opinion:

> The instant case sounds in the violation of a federal statute, FELA[.] Section 56 [of FELA] provides a plaintiff the right to bring an action "in a District Court of the United States, in the District of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action…." 45 U.S.C. § 56. The U.S. Supreme Court interpreted [Section] 56 as a venue provision, allowing a plaintiff to bring a FELA suit in any venue which has personal jurisdiction over the defendants. *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017). Thus, [Mr. Robbins] had a choice of bringing this matter in one of two jurisdictions: 1) Philadelphia, which has general jurisdiction over [Appellants], and 2) Indianapolis, which has specific jurisdiction because that is where the cause of action accrued. In filing the instant [m]otion, [Appellants] sought to remove the first option—filing suit in a court that has general personal jurisdiction—effectively limiting the instant FELA case solely to the jurisdiction in which the cause of action accrued.

Trial Court Opinion, filed 9/6/18, at 7-8.

We disagree with Appellants that the trial court's statements demonstrated the court found Appellants had an "untoward motive" in seeking to dismiss the instant suit or that the trial court gave "heightened deference" to Mr. Robbins in analyzing the *forum non conveniens* issue. Rather, the trial court's statements were a proper summary of the law under FELA as to where venue may lie for purposes of the instant case (namely, Pennsylvania, where

Appellants were doing business at the time Mr. Robbins commenced the action, or Indiana where the cause of action arose). *See* 45 U.S.C. § 56.

Further, we note the trial court's statements were made in the context of discussing whether an alternate forum existed in this case, as well as whether Mr. Robbins' choice of forum should be disturbed due to "weighty reasons." As indicated *supra*, both the existence of an alternate forum and "weighty reasons" are proper considerations when a defendant makes a request to transfer a case to another state based on *forum non conveniens*. *See Hovatter*, *supra*.

Moreover, to the extent Appellants suggest the trial court's statements reveal the court improperly gave "heightened deference" to Mr. Robbins' choice of forum because he brought the action under FELA, we note the trial court specifically stated the following in its opinion:

> [T]he Superior Court in **Hovatter** held the trial court erred by concluding that federal law required a FELA plaintiff's choice of forum to receive heightened deference. In the case *sub judice*, th[e] [trial court] did not apply such deference; instead, [the] [c]ourt, applying the precedent set forth by our appellate courts, concluded [Appellants] failed to produce the requisite strong evidence of "weighty reasons" which would entitle [them] to dismissal of this action.

Trial Court Opinion, filed 9/6/18, at 9. Accordingly, we find no merit to Appellants' first claim.

Appellants combine their second and third claims into one argument section. Initially, Appellants aver that, under Pa.R.C.P. 4014(b), the trial court abused its discretion in failing to deem admitted the matters raised in

- 11 -

Appellants' request for admissions since Mr. Robbins did not respond thereto in a timely manner. **See** Appellants' Brief at 29-32.

We review a ruling related to discovery for an abuse of discretion. **Kuwait & Gulf Link Transport Co. v. Doe**, 92 A.3d 41, 44 (Pa.Super. 2014).

> As this Court has held:
>
> Rule 4014 governs requests for admissions. It permits a party to serve upon another party a written request for the admission of the truth of certain matters relating to statements or opinions of fact or the application of the law to fact. Pa.R.C.P. 4014(a). "The purpose of this discovery tool is to clarify and simplify the issues raised in prior pleadings in order to expedite the litigation process." **Christian v. Pennsylvania Fin. Responsibility Assigned Claims Plan**, 686 A.2d 1, 5 ([Pa.Super.] 1996) (citation omitted)[.] Unless the party responds to the request within 30 days (45 days for a defendant), the matter is deemed admitted. Pa.R.C.P. 4014(b). The trial court may extend or shorten the timeframe in which the responding party has to answer the request. **Id.**

**Estate of Borst v. Edward Stover Sr. Testamentary Trust**, 30 A.3d 1207, 1210 (Pa.Super. 2011).

Here, Appellants suggested the following in their October 3, 2017, motion to dismiss:

> [Consolidated Rail] served [Mr. Robbins] with Requests for Admissions on August 17, 2017. **See Ex.** D (letter transmitting Requests for Admissions to [Mr. Robbins]. [Mr. Robbins] has not answered the Requests for Admissions as of September 18, 2017. Under Pa.R.C.P. 4014(b), "[t]he matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney…." Thus, [Consolidated Rail's] Requests for Admission, attached as Ex. C, are deemed admitted.

Appellants' Motion to Dismiss, filed 10/3/17, at 5 n.4.

In its Rule 1925(a) opinion, the trial court indicated it rejected Appellants' argument since a review of the request for admissions, which Appellants attached to its motion to dismiss as Exhibit C, revealed that the request for admissions was served upon Mr. Robbins by "CSX Transportation," which is not a party to the instant case. **See** Trial Court Opinion, filed 9/6/18, at 3 n.2. Thus, the trial court concluded Mr. Robbins was not obligated to answer the August 17, 2017, request for admissions, resulting in the trial court's conclusion that the matters contained therein were not deemed admitted.

We find no abuse of discretion in this regard. Our review of the certified record confirms that Exhibit C, which Appellants attached to their motion to dismiss, contained the following in the opening paragraph: "CSX Transportation…directs the following Requests for Admission and Interrogatories to Plaintiff…." Appellants' Motion to Dismiss, filed 10/3/17, Exhibit C. Further, in the body of the request for admissions, "CSX Transportation" is identified as the defendant. **See id.** Accordingly, Mr. Robbins was not obligated to respond to the August 17, 2017, request for admissions.[7] **See Estate of Borst**, **supra**.

---

[7] On September 20, 2018, after the trial court filed its Rule 1925(a) opinion, Appellants filed a supplemental record to which they attached a "corrected" request for admissions naming "Consolidated Rail" as the defendant.

Appellants next claim the trial court abused its discretion in weighing the private and public factors and, thus, the trial court erred in concluding there were insufficient "weighty reasons" to warrant overcoming Mr. Robbins' choice of forum. We disagree.

With regard to the private factors, the trial court relevantly concluded there was no evidence that Indiana would provide easier access to the decedent's employment records, which are housed in New Jersey and/or Florida. Further, with regard to the cost of obtaining the attendance of willing witnesses and the availability of compulsory process for obtaining the attendance of unwilling witnesses, the trial court noted Appellants identified two potential witnesses, both of whom were Appellants' former employees: Mr. Mason, who resides in Illinois, and Mr. Toney, who resides in Illinois. Mr. Robbins, on the other hand, identified four fact witnesses, all of whom reside in Pennsylvania and were former Consolidated Rail employees. Additionally, the trial court noted Appellants conceded that it is unlikely any party would seek a request to view the train yard at issue.

---

Appellants admit in their brief that, on October 10, 2018, Mr. Robbins responded to the request for admissions; however, they characterize the response as being "over one year since [Consolidated Rail] served [Mr. Robbins] with those [r]equests[.]" Appellants' Brief at 9 n.3. Since Mr. Robbins was not obligated to respond to the August 17, 2017, request for admissions, which was served upon him by a non-party (CSX Transportation), we conclude Mr. Robbins' October 10, 2018, response was actually a timely response to the September 20, 2018, request for admissions, which was served upon him by a party (Consolidated Rail).

With regard to the public factors, and Pennsylvania's connection to the lawsuit, it is noteworthy that Mr. Robbins averred that, although he worked at the train yard in Indiana, the policies and procedures related to his exposure to chemicals and cancer-causing substances were determined at Consolidated Rail's headquarters in Philadelphia. Thus, as the trial court concluded, Pennsylvania citizens have a relation to the litigation.

Based on the aforementioned, we conclude the trial court did not abuse its discretion in weighing the private and public factors. We note it is within the trial court's discretion to weigh some factors more heavily than others and weighing the factors is "not an exercise in counting numbers." **Bochetto v. Dimeling, Schreiber & Park**, 151 A.3d 1072, 1083 (Pa.Super. 2016). Because Appellants have not met their burden, we affirm.[8]

For all of the foregoing reasons, we affirm.

Affirmed.

---

[8] To the extent Appellants aver the facts of this case are indistinguishable from **Hovatter**, **supra**, we disagree. In **Hovatter**, this Court held the trial court erred in failing to dismiss the plaintiff's action, which was filed in Pennsylvania, under the doctrine of *forum non conveniens*. However, in the instant matter, unlike in **Hovatter**, there were Pennsylvania witnesses identified by a party and a viewing of the site was not at issue. Further, we note in the case *sub judice*, unlike in **Hovatter**, Mr. Robbins specifically averred the policies and procedures related to the decedent's exposure to alleged chemical/cancer-causing substances were developed by Consolidated Rail at its headquarters in Philadelphia. There was no such allegation made in **Hovatter** as to CSX Transportation (the sole defendant in **Hovatter**).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/19