J-S21033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOROTHY M. FAVIRE, EXECUTRIX OF THE ESTATE OF GEORGE F. FAVIRE, JR. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1757 EDA 2020 |
| CONSOLIDATED RAIL CORPORATION | : : | |

Appeal from the Order Entered August 13, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 190904731

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                 **FILED SEPTEMBER 21, 2021**

Dorothy M. Favire (Favire), Executrix of the Estate of George F. Favire, Jr. (Decedent), appeals from the order in the Philadelphia County Court of Common Pleas that granted Consolidated Rail Corporation's (Conrail) motion to dismiss, without prejudice to refile in a more appropriate forum, predicated on the doctrine of *forum non conveniens*. **See** 42 Pa.C.S.A. § 5322(e). Favire chiefly asserts that the trial court's decision, as it stands, forecloses on any possibility of litigation in another forum, given other states' statutes of limitations. Favire secondarily claims that the court abused its discretion in its *non conveniens* analysis through: (1) its erroneous determination that "weighty reasons" existed to transfer this matter; and (2) its lack of

_____

* Retired Senior Judge assigned to the Superior Court.

consideration given to both Conrail's Pennsylvania corporate headquarters and Favire's named local fact witnesses. Given Conrail's representation that it will not invoke a statute of limitations defense in any subsequent jurisdiction as well as the trial court's well-reasoned evaluation of the local and extraterritorial factors at play, we conclude that the trial court did not abuse its discretion in dismissing Favire's case, without prejudice. Accordingly, we affirm.

In summary, Favire, formerly of New Jersey and who currently resides in Florida, filed her complaint in October 2019 asserting a cause of action under the Federal Employers' Liability Act (FELA). *See* 45 U.S.C. §§ 51-60. Favire contends that Conrail's negligence causally or contributorily resulted in her late husband, Decedent, acquiring lung cancer. Favire believes that Conrail violated the FELA by failing to provide Decedent with a reasonably safe work environment through his exposure to hazardous substances, such as: diesel exhaust and fumes, asbestos, and second-hand smoke.

Conrail is a Pennsylvania corporation, which has its headquarters located in Philadelphia. Decedent worked for Conrail as a trackman and machine operator for approximately thirty-three years. During that timeframe, however, Decedent exclusively lived and worked in New Jersey. Decedent had no employment-based or medically relevant connections to Pennsylvania or, more specifically, Philadelphia at any point during his lifetime.

After some level of discovery, Conrail filed its motion to dismiss on *non*

*conveniens* grounds, asserting that given this case's limited factual nexus with Pennsylvania as well as the burdens placed on those who would be called to testify, New Jersey or Florida would clearly be more appropriate as forum alternatives. Favire, in response, identified four former Conrail corporate employees she intended to call at trial, with all four of them having some historical and/or present connection to Philadelphia and the surrounding region. Prior to this disclosure, Favire named four other fact witnesses who were formerly New Jersey-based coworkers of Decedent.

Ultimately, the trial court found dismissal to be warranted as both private and public reasons existed to have this case heard in either of the two aforementioned states. Resultantly, Favire filed a timely notice of appeal. The relevant parties have complied with the dictates of Pa.R.A.P. 1925, and this appeal is ripe for review.

On appeal, Favire presents four issues:

1. Did the trial court abuse its discretion by eliminating any alternative forum for Favire's lawsuit?

2. Did the trial court abuse its discretion in finding that weighty reasons existed to dismiss this case on *forum non conveniens* grounds?

3. Should the trial court have considered Conrail's Philadelphia corporate location, which, too, was the former employment location of the four fact witnesses she intended to call?

4. Did the trial court err by considering the inconvenience to Conrail's potential fact witnesses over that of the actual inconvenience of Favire's named fact witnesses should this case be dismissed in Pennsylvania?

*See* Appellant's Brief, at 2-3.[1]

As this Court has cogently stated:

Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.

An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary.

In Pennsylvania, the doctrine of *forum non conveniens*, which originated in Common Law, has been codified by statute:

**Inconvenient forum.**-When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322(e).

*Hovatter v. CSX Transportation, Inc.*, 193 A.3d 420, 424 (Pa. Super. 2018) (quotations and citations omitted). A granted *forum non conveniens* motion results in dismissal without prejudice, to allow for refiling in another state. *See Alford v. Philadelphia Coca-Cola Bottling Co., Inc.*, 531 A.2d 792 (Pa. Super. 1987).

The overarching consideration to be addressed by the court is whether "litigation in the plaintiff's chosen forum would serve the interests of justice

---

[1] As issues two through four involve materially the same analysis, they have been consolidated into one omnibus disposition.

under the particular circumstances." ***Id***., at 794. To that end, justice must strongly militate in favor of relegating the plaintiff to another forum in a successful *forum non conveniens* challenge. ***See Wright v. Aventis Pasteur, Inc.***, 905 A.2d 544, 548 (Pa. Super. 2006). Accordingly, "[t]he two most important factors the trial court must apply when considering whether dismissal is warranted are that 1.) the plaintiff's choice of forum should not be disturbed except for 'weighty reasons,' and 2.) there must be an alternate forum available or the action may not be dismissed." ***Robbins for Estate of Robbins v. Consol. Rail Corp.***, 212 A.3d 81, 87 (Pa. Super. 2019) (footnote, citation, and quotation marks omitted).

As Favire has initially contested whether the court's dismissal of her action has effectively eliminated her ability to be heard in an alternate forum, we address that *forum non conveniens* factor first. Favire claims that the trial court "effectively removed [her] ability to pursue her FELA claim in any other jurisdiction[ because its] [o]rder does not include a tolling provision which allows for [her] to refile her FELA claim in New Jersey within the applicable statute of limitations [or] utilize the filing date in Philadelphia[.]" Appellant's Brief, at 10.

In its motion to dismiss, Conrail specifically stipulated to the court that, following this matter's suggested dismissal in Pennsylvania, it would accept service of process in an appropriate forum, namely New Jersey or Florida, within a reasonable time and not, thereafter, assert a statute of limitations

defense. **See, e.g**., Trial Court Opinion, 11/23/20, at 4-5. However, Favire, without authority or counterfactual citation, claims Conrail's statement to be a "mere offer" of stipulation that, absent it being expressly written into a court order, has no legal authority. Appellant's Reply Brief, at 1-2.

In **Ficarra v. Consolidated Rail Corporation**, this Court, in concluding that there was an alternate forum available, found it sufficient, under a *forum non conveniens* analysis, that Conrail stipulated to post-dismissal acceptance of process and that it would not plead a statute of limitations defense in a subsequent action filed by that plaintiff. **See** 242 A.3d 323, 330 (Pa. Super. 2020). Here, other than baldly asserting that Conrail's stipulation incorporated into its motion to dismiss was unenforceable, Favire has pointed to nothing specific to demonstrate its invalidity. As such, given Conrail's explicit representation to the court, Favire's claim that she would be without another forum is without merit, and her issue necessarily fails. **See Jessop v. ACF Industries, LLC**, 859 A.2d 801, 803 (Pa. Super. 2004) (citation omitted) ("A stipulation made by a defendant that he or she will submit to service of process and not raise the statute of limitations as a defense has been accepted by the courts as eliminating the concern regarding the availability of an alternate forum.").

Favire's second contention questions whether the court abused its discretion in finding that weighty reasons existed to dismiss her complaint. In short, Favire relies on two bases to establish why the court erred in its analysis

and ultimate determination: (1) Conrail's headquarters, where, *inter alia*, it "developed training programs that were inadequate" and "decisions were made to not provide [Decedent] and his co-workers with appropriate respiratory protective equipment," is in Philadelphia; and (2) four fact witnesses, Dr. Comstock, Mr. Barringer, Mr. Thomas, and Mr. Kovac, worked for Conrail in Philadelphia. Appellant's Brief, at 11-12 (asserting, further, that at least three of those four witnesses currently reside in Pennsylvania).

An adjudication of weighty reasons requires the court to examine both private and public interests, with consideration given to the present forum as well as the suggested alternative one. *See Petty v. Suburban General Hospital*, 525 A.2d 1230, 1232 (Pa. Super. 1987). In the private domain, a court should contemplate: "the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*.

Furthermore, through a public lens, a court should address whether maintaining an action in its current forum would cause "problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation[.]" *Id*. Similarly, the court must look to "the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in

some other forum step into a quick-sand of conflict of laws problems and foreign law." *Id*.

However, throughout all of this, the phrase "weighty reasons" implies that the balance of factors must strongly favor the defendant in order to disturb the plaintiff's forum choice. *See id*. With that said, courts may less stringently consider a plaintiff's chosen forum if that forum is foreign to the plaintiff. *See Hovatter*, 193 A.3d at 426.

In her brief, Favire expounds upon the relevance and prior employment duties of the four former Philadelphia-based employees, as private *non conveniens* factors, to provide weight to the argument that dismissal was not warranted. As stated by Favire, Mr. Thomas was Conrail's industrial hygiene manager, which resulted in him creating both a "respiratory protection program" as well as a "hazard communication program" for Conrail. Appellant's Brief, at 13. Mr. Barringer, a current resident of Florida, was Conrail's former safety director and is stated as having been cognizant of Conrail employee's alleged lack of safety training in certain capacities. *See id*. Dr. Comstock, Conrail's former medical director, "knew or should have known about railroad employees being exposed to toxic substances including diesel exhaust, asbestos and secondhand smoke and the development of cancer." Appellant's Reply Brief, at 5. And, finally, Mr. Kovac, as Conrail's former claims manager, is purported to have knowledge "as to what the Conrail claims department knew or should have known about railroad employees being

exposed to toxic substances." *Id*. Favire asserts that all four of these witnesses' testimonies would be "varied" and not "duplicative and cumulative," but instead relevant to her "theory of liability that the actions, or inactions, of the executive and managerial employees working in Conrail's corporate headquarters in Philadelphia directly led to [Decedent's unsafe working conditions." Appellant's Brief, at 15, 23. Tangentially, Favire suggests that "a jury view of the premises would be inappropriate" given the inherent dangers of doing so and vast difference in appearance from the time Decedent was employed by Conrail. *Id*., at 15.

As to Favire's public factors-based argument, she contends that Philadelphia County "has both the judicial resources and experience with FELA matters to ensure a just trial." *Id*. Moreover, as Conrail "maintains its corporate headquarters in Philadelphia[, ] it is appropriate for a Philadelphia jury to decide whether it failed to provide [Decedent] with a reasonably safe work environment[.]" *Id*.

We note that this Court has reached different conclusions on appeals involving the exact same four witnesses Favire intends to call at trial and same general understanding that Conrail is headquartered in Philadelphia. *Robbins*, *supra*, involved a decedent who exclusively worked in Indiana and featured out-of-state witnesses related to his previous employment. After the defendants filed a motion to dismiss for *forum non conveniens*, the plaintiff responded by naming Dr. Comstock, Mr. Barringer, Mr. Thomas, and Mr.

Kovac. The plaintiff further stated that "although the decedent worked at the train yard in Indiana, the policies and procedures related to the decedent's exposure to chemicals and cancer-causing substances were determined at [Conrail's] headquarters in Philadelphia." **Robbins**, 212 A.3d at 85-86. The plaintiff also discounted the necessity to view the work site as "extremely dangerous." **Id**., at 86 (citation omitted). Ultimately, the defendants' motion to dismiss was rejected.

On appeal, this Court held that the court did not abuse its discretion in finding that weighty reasons did not exist to dismiss that case.

> With regard to the private factors, the trial court relevantly concluded there was no evidence that Indiana would provide easier access to the decedent's employment records, which are housed in New Jersey and/or Florida. Further, with regard to the cost of obtaining the attendance of willing witnesses and the availability of compulsory process for obtaining the attendance of unwilling witnesses, the trial court noted [a]ppellants identified two potential witnesses, both of whom were [a]ppellants' former employees: Mr. Mason, who resides in Illinois, and Mr. Toney, who resides in [Indiana]. Mr. Robbins, on the other hand, identified four fact witnesses, all of whom reside in Pennsylvania and were former [Conrail] employees. Additionally, the trial court noted [a]ppellants conceded that it is unlikely any party would seek a request to view the train yard at issue.

> With regard to the public factors, and Pennsylvania's connection to the lawsuit, it is noteworthy that Mr. Robbins averred that, although he worked at the train yard in Indiana, the policies and procedures related to his exposure to chemicals and cancer-causing substances were determined at [Conrail's] headquarters in Philadelphia. Thus, as the trial court concluded, Pennsylvania citizens have a relation to the litigation.

**Robbins**, 212 A.3d at 90. Having analyzed the court's assignment of weight to both private and public factors and while noting that it was "within the trial

court's discretion to weigh some factors more heavily than others," we ascertained that the defendants/appellants did not meet the necessary burden to establish *forum non conveniens*. *Id*., citing **Bochetto v. Dimeling, Schreiber & Park**, 151 A.3d 1072, 1083 (Pa. Super. 2016) (stating that weighing the factors is "not an exercise in counting numbers").

Conversely, in **Ficarra**, **supra**, the nine plaintiffs in that matter all resided outside of Pennsylvania and featured decedent employees who were never employed by the named defendants in Pennsylvania. Resultantly, those defendants filed *forum non conveniens* motions to dismiss, asserting, *inter alia*, there to be: a lack of both fact witnesses and sources of proof in Pennsylvania; a worry that the defendants would be "unable to avail themselves of compulsory process for attendance of unwilling witnesses"; an inability for the fact-finder to view the plaintiffs' work premises; and untold burdens placed on taxpayers as well as the Philadelphia court system, generally. **Ficarra**, 242 A.3d at 327. The plaintiffs responded by indicating their intention to call the four fact witnesses named in **Robbins**: Dr. Comstock, Mr. Barringer, Mr. Thomas, and Mr. Kovac.

The trial court found that: (1) only one of the four witnesses proposed by the plaintiffs irrefutably lived in Pennsylvania; (2) all of the plaintiffs' former coworkers and supervisors lived outside of Pennsylvania; (3) the plaintiffs' injuries all occurred outside of Pennsylvania; and (4) all medically relevant information, as well as the medical staff who performed work on these

plaintiffs, existed outside of Pennsylvania.

In concluding that the trial court abused its discretion it its initial denial of the defendants' motions, this Court found the circumstances to be distinguishable from **Robbins**. Namely, whereas in **Robbins**, the plaintiff "set forth a specific argument that Conrail developed policies and procedures in its Philadelphia office that created the conditions leading to plaintiff's injuries," the plaintiffs in **Ficarra** "presented scant argument" as to those employees' relevance. **Ficarra**, 242 A.3d at 336. Moreover, there was also ambiguity in the record over the residency of three out of the four Philadelphia-connected proposed witnesses.

In summation:

All of [p]laintiffs' former co-workers, supervisors, and diagnosing and treating physicians reside outside Pennsylvania. The work sites are outside Pennsylvania. The only connection to Pennsylvania relevant to [p]laintiffs' claims is that four individuals who used to work in Philadelphia were allegedly involved in the drafting and implementation of procedures that led to [p]laintiffs' injuries. However, on the records before the trial court, only one of those witnesses undisputedly resides in Pennsylvania currently. Moreover, [p]laintiffs largely failed to explain the relevance of the former employees' testimony. Weighing the private and public interest factors using the correct evidentiary burden, the trial court here ultimately concluded that [r]ailroad [d]efendants presented sufficient weighty reasons to warrant dismissal for *forum non conveniens* in these eight cases. We discern no abuse of discretion by the trial court in reaching this conclusion.

*Id*., at 337.

In the present matter, when it granted Conrail's motion to dismiss, the court considered: "where Decedent and [Favire] lived, where [Favire]

currently lives, where Decedent worked for [Conrail], where Decedent's alleged exposures took place, where Decedent was diagnosed, where Decedent was treated, the location of all witnesses, where [Conrail's] principal place of business is and where [it was] incorporated, where the expert witnesses reside, and location of medical records and other documents." Trial Court Opinion, 11/23/20, at 8-9. The court also expounded on the public factors compelling a finding of *forum non conveniens*.

First, in the private factors context, the court addressed the geographic placement of the witnesses who have already been named or who would be needed further along in this case's progression. While three of the four named witnesses with Philadelphia connections may still reside in Pennsylvania, the court indicated that "the residency of three former [Conrail] employees cannot be the sole private factor[] considered by the trial court." ***Id***., at 9. Interestingly, too, Favire named four other witnesses without providing any sort of corresponding address for them. However, Conrail *has* indicated to the court that it would call Decedent's "former supervisors, superintendents, and/or coworkers [from his time in New Jersey] … who do not reside in Philadelphia." ***Id***. Additionally, Favire intends to bring forth two expert witnesses who do not reside in Pennsylvania.

Specifically named witnesses aside, following his diagnosis in New Jersey, all of Decedent's treatments occurred there. In fact, the entire body of medical care Decedent received was in New Jersey, inherently meaning some, if not all, of the corresponding medical staff, too, hail from that state.

Additionally, Decedent solely worked in New Jersey; none of the physical complained-of exposure vectors occurred in Pennsylvania. And despite Favire's claim that it would be imprudent, Conrail has not ruled out whether it would want the jury to view the premises and conditions in New Jersey where Decedent worked. ***See, e.g., id***., at 11.

In the court's public factors analysis, it found that even though Conrail "has its headquarters in Philadelphia, [Favire's] claim has no relation to Philadelphia, as the only real connection that a Philadelphia jury would have to [her] case is the fact that [Conrail] does business in Philadelphia." ***Id***., at 14. The court further indicated that Favire "failed to aver not only where [Conrail's] policies and procedures relating to exposure to chemicals and cancer-causing substances were created, but also how, if at all, such procedures relate to her claim." ***Id***. The court finally considered the impact of COVID-19 and ascertained that there would be less travel necessary and more convenient witness access should the case be specifically refiled in New Jersey. ***See id***., at 15-16. In that same vein, the court considered the administrative difficulties associated with maintaining this action in Philadelphia concurrent with the COVID-19 pandemic, maintaining that COVID-19 has "strained the Philadelphia court system," which is the largest trial court system in the Commonwealth and that the "[i]ntroduction of unnecessary cases or parties needlessly upsets the delicate balance between public safety and the public interests protected by court staff." ***Id***., at 16 (stating further that "public interest is not served having a Philadelphia jury risk exposure for a case that

has only fleeting connections to this jurisdiction").

From these varying factual and asserted elements, which were each assessed within the context of a private and public *forum non conveniens* analysis, the court concluded that Conrail had met its burden in demonstrating that weighty reasons warranted dismissal. Simultaneously, the court found that there was a "more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively." ***Id***., quoting ***Wright v. Consol. Rail Corp.***, 215 A.3d 982, 992 (Pa. Super. 2019). As it was not manifestly unreasonable to reach this conclusion, we see no reason to contradict this explicit finding. ***See Ficarra***, 242 A.3d at 337 (citing, approvingly, the trial court's finding that the allegation of four employees involved in the drafting and implementation of procedures leading to an injury is insufficient in the context of overwhelming evidence establishing a more appropriate forum). Consistent with ***Robbins***, ***supra***, a court has the discretion to weigh some factors more heavily than others, so long as those factors are, in fact, analyzed within the framework of the private/public precept. Furthermore, it is worth mentioning that ***Robbins*** involves this Court's determination the trial court did *not* abuse its discretion, which is inherently a different disposition from the outcome Favire seeks.

Accordingly, in determining that the trial court did not abuse its discretion via its application of the *forum non conveniens* factors, we affirm the trial court's orders dismissing Favire's complaint, without prejudice.

Order affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2021