J-A17031-21
J-A17032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH D. SACCO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENN CENTRAL CORPORATION A/K/A | : | |
| AMERICAN PREMIER | : | |
| UNDERWRITERS, INC., | : | No. 3058 EDA 2019 |
| CONSOLIDATED RAIL CORPORATION | : | |
| AND CSX TRANSPORTATION, INC | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered August 19, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180105296

| | | |
|---|---|---|
| GERALD E. GUNDLACH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENN CENTRAL CORPORATION A/K/A | : | |
| AMERICAN PREMIER | : | |
| UNDERWRITERS, INC., AND | : | No. 95 EDA 2020 |
| CONSOLIDATED RAIL CORPORATION | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered July 16, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180404690


BEFORE:  McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 22, 2021**

_____

[*] Retired Senior Judge assigned to the Superior Court.

These two consolidated appeals arise from orders by the Court of Common Pleas of Philadelphia County (trial court) denying motions to dismiss the underlying actions. The plaintiffs in each case are former employees of the defendants who sought dismissal, Rail Corporation (Conrail), Penn Central Corporation a/k/a American Premier Underwriters, Inc. (Penn Central), and CSX Transportation, Inc. (CSX) (collectively, the Railroad Defendants). Each plaintiff has asserted a claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, based on injuries allegedly sustained while working for the Railroad Defendants on sites located outside of Pennsylvania.

The Railroad Defendants moved to dismiss the two complaints based on the doctrine of *forum non conveniens*, 42 Pa.C.S. § 5322(e). They argued that the plaintiffs should have to refile their suits in states other than Pennsylvania for lack of sufficient ties to that forum. Based on our review of the record and the applicable law, we are compelled to reverse the two denials of dismissal and remand for further proceedings consistent with this memorandum.

## I.

The two plaintiffs in the underlying cases are former employees of the Railroad Defendants. It is undisputed that at all relevant times, the plaintiffs worked outside of Pennsylvania, sustained their injuries outside of Pennsylvania, and received medical treatment outside of Pennsylvania.

In their motions to dismiss, the Railroad Defendants listed the following factors supporting dismissal on the grounds of *forum non conveniens*: (1) none of the potential fact witnesses or sources of proof reside in Pennsylvania; (2) the Railroad Defendants will be unable to compel the attendance of unwilling witnesses; (3) it will be costly to obtain attendance of willing out-of-state witnesses; (4) the fact-finder will be unable to easily view the plaintiffs' work premises in person; and (5) the Philadelphia courts, taxpayers and jury pool will be burdened by the litigation.

The plaintiffs attempted to establish a link between their claims and Pennsylvania by stating their intention to call four witnesses with ties to Philadelphia. According to the plaintiffs, these witnesses – Marcia Comstock, William Barringer, Ramon Thomas and Paul Kovac – were employed by the Railroad Defendants and privy to information relevant to their FELA claims, including the "safety procedures in use by" the Railroad Defendants at the time of the plaintiffs' injuries. The plaintiffs also asserted that one of the four witnesses currently resides in Pennsylvania.

The trial court found that dismissal was not warranted. Notably, the trial court's rulings were entered on July 16, 2019 – three days prior to the issuance of our decision in **Wright v. Consol. Rail Corp.**, 215 A.3d 982 (Pa. Super. 2019), a FELA case where we held that the trial court abused its discretion in denying the Railroad Defendants' motion for dismissal on *forum non conveniens* grounds.

After the Railroad Defendants timely appealed, the originally-assigned judge who ruled on their motions took a seat on the federal bench and the 1925(a) opinions for these two cases were authored by a substitute trial court judge. We will not speculate on whether the substituted judge believed himself bound by the original ruling which was entered without the benefit of **Wright**. Suffice it to say, the analysis contained in the two nearly identical 1925(a) opinions made little to no mention of the facts and holding of **Wright** despite the decision's obvious import.

The Railroad Defendants now appeal the denials of dismissal, contending that the trial court abused its discretion in finding they did not carry their burden of establishing weighty reasons why Pennsylvania is an improper forum. The Railroad Defendants argue that the cases are controlled by **Wright** and other similar opinions where we found under nearly identical facts that dismissal is required as a matter of law.

## II.

### A.

FELA affords a plaintiff a "substantial right" to select the forum in which to file his or her FELA claims. **See** 45 U.S.C. § 56. However, under the doctrine of *forum non conveniens*, a trial court may dismiss a case in whole or in part if it "finds that in the interest of substantial justice the matter should be heard in another forum[.]" 42 Pa.C.S. § 5322(e); **see also Hovatter v. CSX Transp., Inc.**, 193 A.3d 420, 425-26 (Pa. Super. 2018) (holding that

- 4 -

FELA does not heighten the deference afforded to a plaintiff's choice of forum in the context of *forum non conveniens*). This doctrine allows the court to look beyond jurisdiction and venue in determining whether the plaintiff's choice of forum "would serve the interests of justice under the particular circumstances." **Robbins for Estate of Robbins v. Consol. Rail Corp.**, 212 A.3d 81, 87 (Pa. Super. 2019).

Two main factors must guide the determination on whether the plaintiff has chosen a proper forum. The first factor, which is not in dispute in the two appeals now before this Court, is if the plaintiff has an available alternative forum to refile claims if they are dismissed. **Id**.

The second factor, which the parties do dispute, is whether there are "weighty reasons" which justify altering the plaintiff's choice of forum. **Id**. The plaintiff's choice of forum must be given a high degree deference, but to a lesser extent where the plaintiff has chosen a foreign forum, as both plaintiffs do here. **See id**.

The assessment of "weighty reasons" implicates both public and private interests. **See Hovatter**, 193 A.3d 425; **see also Plum v. Tampax, Inc.**, 160 A.2d 549 (Pa. 1960) (same). Private interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the actions; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.

*Hovatter*, 193 A.3d at 425 (citations omitted).

Public interests include:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id*. (citations omitted).

A trial court's ruling on a motion to dismiss based on *forum non conveniens* is subject to an abuse of discretion standard of review. *Hovatter*, 193 A.3d at 424 (some citations and quotation marks omitted). "[I]f, there is any [factual basis in the record] for the trial court's decision, the decision must stand." *Id*. An error of law or a manifestly unreasonable judgment may constitute an abuse of discretion, and such errors are reviewed *de novo*. *See id*.

**B.**

Here, neither of the two plaintiffs reside in Pennsylvania; their injuries did not occur in Pennsylvania; and they received no medical treatment in Pennsylvania. The plaintiffs have sought to avoid dismissal primarily by identifying four former employees of the Railroad Defendants who the plaintiffs vaguely assert became privy to relevant "safety procedures" while

working in Philadelphia. The plaintiffs also assert that at least one of those potential witnesses currently resides in Pennsylvania.

However, the record does not clarify at all the relevance of the potential witnesses' testimony. The record also does not indicate where any of those four witnesses live, much less whether or to what extent they would be willing to testify in Philadelphia. As such, this case is controlled by **Wright**, as well as our decision in **Ficarra v. Consol. Rail Corp.**, 242 A.3d 323, 337 (Pa. Super. 2020), both of which compel us to hold that the trial court's denial of dismissal was an abuse of discretion.

Just like in the present cases, the plaintiff in **Wright** argued that Pennsylvania was a convenient forum for his FELA claim against the Railroad Defendants because they were headquartered or incorporated there. The Railroad Defendants moved to dismiss the case, arguing that numerous public and private factors established weighty reasons why the plaintiff should have to refile in another forum. The Railroad Defendants supported their motion with affidavits from one of their managers. These affidavits purported to show that the plaintiff had never worked in Pennsylvania, and that litigating his case in that forum would cause the Railroad Defendants to incur much more significant expenses than if the case were heard where the plaintiff's alleged claims arose.

The trial court in **Wright** rejected the affidavits as conclusory and essentially irrelevant because the record did not corroborate the affiant's

assertions. Further, the trial court characterized the Railroad Defendants'
grounds for dismissal as "mere inconvenience," falling short of the "weighty
reasons" needed to justify dismissal. *Id*. at 989-90.

The Railroad Defendants appealed, challenging the denial of dismissal
on three grounds:

> (1) the trial court applied an erroneous standard, which was
> similar to the plaintiff-friendly "oppressive or vexatious" standard
> applicable solely to intrastate transfer motions under Pa.R.C.P.
> 1006(d);
>
> * * *
>
> (2) the trial court imposed an improper evidentiary burden upon
> Appellants and erred in its consideration of Appellants' affidavits,
> which were submitted in support of their motion to dismiss under
> Section 5322(e); and
>
> * * *
>
> (3) this Courts recent decision in **Hovatter** . . . is indistinguishable
> from and controlling in the instant matter as it relates to the
> "weighty reasons" factor, which the trial court must consider in
> ruling on a motion to dismiss under Section 5322(e).

*Id*. at 992-94 (numbering added, citations and quotations omitted).

On review, this Court agreed with the Railroad Defendants as to all three
distinct issues they raised in **Wright**. We concluded that the trial court abused
its discretion by applying the standard applicable to interstate transfer rather
than the correct standard applicable to *forum non conveniens* promulgated in
42 Pa.C.S. § 5322(e). In our opinion, we explained that "the trial court should
have given less deference to Mr. Wright's choice of Pennsylvania as a forum
and should have sought to determine whether 'there is a more convenient

forum where the litigation could be conducted more easily, expeditiously and inexpensively.'" *Id*. (quoting *Hovatter*, 193 A.3d at 427 (citation omitted)).

Next, we found that the trial court abused its discretion in affording no weight to the affidavits submitted by the Railroad Defendants. The assertions contained in the affidavits did "not require additional record support" as the trial court had ruled. *Id*. at 993. Rather, the affidavits alone were sufficient to allow the trial court to "exercise common sense in evaluating their worth." *Id*. at 993-94 (quoting *Bratic v. Rubendall*, 99 A.3d 1, 9 (Pa. 2014)).

Lastly, in *Wright*, we concluded that the evidence presented by the Railroad Defendants regarding *forum non conveniens* was so firmly established that the trial court abused its discretion in denying their motion to dismiss. *Id*. at 994. In doing so, we made it clear that this error was separate from the other two above discussed grounds for dismissal. After reciting the undisputed facts showing the lack of ties between the plaintiff's claim and Pennsylvania, the trial court had *no discretion* to deny the Railroad Defendants' motion:

> Applying the appropriate standard of deference and evidentiary burden, **we conclude the trial court erred in failing to recognize [the Railroad Defendants] demonstrated "weighty reasons" exist as would overcome Mr. Wright's choice of forum**. [*See Hovatter*, 193 A.3d at 427]. Simply put, [the Railroad Defendants] proved "there is a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively" than Mr. Wright's chosen Pennsylvania forum.

*Id*. at 996 (some citations omitted, emphasis added).

In a subsequent consolidated opinion resolving nine additional FELA appeals concerning the Railroad Defendants, we applied **Wright** in finding that the trial court abused its discretion in denying dismissal. To remedy that abuse of discretion, we vacated eight orders denying motions to dismiss – again, where the material facts are indistinguishable from the circumstances of the two cases now before us.[1]

Significantly, the FELA plaintiffs in **Ficarra** attempted to establish a proper forum in Philadelphia by asserting that four potential witnesses who once worked in Pennsylvania could testify to relevant policy decisions made at the Railroad Defendants' Philadelphia headquarters. These were the *same* four witnesses named by the plaintiffs in the present appeals – Comstock, Barringer, Thomas and Kovac. The panel in **Ficarra** held that this was an invalid basis to deny dismissal because there was "scant argument before the trial court as to the relevance of the former . . . employees' testimony[.]" 242 A.3d at 336.[2]

_____

[1] The denial of dismissal was affirmed in one of the nine cases because, unlike the others, it was ready for trial and dismissal would have been "inequitable." **Ficarra**, 242 A.3d at 338.

[2] The plaintiffs in the present cases argue that affirmance is proper because their cases are controlled by **Robbins for Estate of Robbins v. Consol. Rail Corp**., 212 A.3d 81, 87 (Pa. Super. 2019), where this Court upheld the denial of the Railroad Defendants' dismissal motions predicated on *forum non conveniens*. However, as explained in **Ficarra**, the holding in **Robbins** hinged on the fact that the trial court accepted that at least one of the plaintiff's four fact witnesses resided in Pennsylvania, and that a specific argument had been
*(Footnote Continued Next Page)*

The record now before us likewise lacks evidence establishing the relevance of the putative witnesses' testimony and where those witnesses reside. The absence of those facts renders the present appeals indistinguishable from **Wright** and **Ficarra**. As in those latter opinions, the Railroad Defendants here established the existence of a more convenient forum than Pennsylvania, compelling the trial court to find as a matter of law that there exists weighty reasons supporting dismissal. By denying dismissal, the trial court abused its discretion, requiring us to vacate the orders of dismissal and remand so that the plaintiffs may be permitted to refile in an appropriate jurisdiction. Any other disposition would be incompatible with our prior holdings resolving identical issues and material facts.

Orders vacated in 95 EDA 2020 and 3058 EDA 2019. Cases remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/22/2021*

---

set forth as to the "policies and procedures" developed in Philadelphia and "leading to the plaintiffs' injures." **Ficarra**, 242 A.3d at 336. In the nine cases decided in **Ficarra**, as well as the two cases now before us, the record is silent as to where the fact witnesses reside, what they would be able to testify to, and how their testimony would support the plaintiffs' FELA claims.